# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2012

No. 12-70010

Lyle W. Cayce
Clerk

BEUNKA ADAMS,

Petitioner–Appellee

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellant

_____

No. 12-40436

In re:  BEUNKA ADAMS,

Petitioner

Consolidated with 12-70011

BEUNKA ADAMS,

Petitioner–Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee

Nos. 12-70010, 12-40436, 12-70011

———————————

Appeals from the United States District Court
for the Eastern District of Texas

———————————

Before KING, ELROD, and HAYNES, Circuit Judges.

KING, Circuit Judge:

Beunka Adams was convicted of capital murder and sentenced to death in Texas state court. He is scheduled to be executed on April 26, 2012. On April 13, 2012, Adams filed a motion in the district court pursuant to Federal Rule of Civil Procedure 60(b)(6), seeking relief from the district court's judgment denying his initial federal habeas corpus petition. He also filed a motion for a stay of execution. *Adams v. Thaler*, No. 5:07-cv-00180 (E.D. Tex.). That same day, in a separate district court action, Adams filed a second-in-time federal habeas petition and a motion for a stay of execution. *Adams v. Thaler*, No. 5:12-cv-00036 (E.D. Tex.).

On April 23, 2012, the district court granted Adams's motion to stay his execution pending the court's disposition of Adams's Rule 60(b)(6) motion. In the separate action related to Adams's second-in-time federal habeas petition, the district court transferred the case to this court, in order for us to determine in the first instance whether Adams's habeas petition is successive. On April 24, 2012, Rick Thaler filed a motion to vacate the stay of Adams's execution. For the following reasons, we VACATE the district court's grant of a stay of execution; we DISMISS Adams's successive federal habeas petition; and we DENY his motion for a stay of execution.

2

Nos. 12-70010, 12-40436, 12-70011

## I. FACTUAL AND PROCEDURAL BACKGROUND

Beunka Adams ("Adams") was convicted of capital murder and sentenced to death in Texas state court.[1] The Texas Court of Criminal Appeals ("TCCA") affirmed Adams's conviction and sentence on direct appeal, and the Supreme Court denied review. *Adams v. State*, No. AP-75023, 2007 WL 1839845 (Tex. Crim. App. June 27, 2007), *cert. denied* 552 U.S. 1145 (2008). Adams filed a state habeas application, in which he asserted various claims, including several ineffective assistance of counsel claims. After an evidentiary hearing, the state trial court entered findings of fact and conclusions of law recommending the denial of Adams's habeas application. The TCCA adopted these findings of fact and conclusions of law and denied Adams's application. *Ex parte Adams*, No. WR-68066-01, 2007 WL 4127008 (Tex. Crim. App. Nov. 21, 2007).

Adams filed a second state habeas application in 2008, asserting two new claims related to the jury instructions given during the sentencing phase of his trial. Specifically, he asserted that he was deprived of his Sixth and Fourteenth Amendment rights to effective assistance of counsel by trial counsel's and appellate counsel's failure to ensure that the jury was properly instructed in the punishment phase of his trial.[2] While the subsequent state application was pending, Adams filed a federal habeas petition asserting ten claims for relief, including the two claims presented in his second state habeas application. Adams simultaneously filed a motion to stay and abate the federal proceedings

---

[1] The facts of this case are set forth in our previous opinion. *See Adams v. Thaler*, 421 F. App'x 322, 324-26 (5th Cir. 2011) (affirming the judgment of the district court denying Adams's federal habeas corpus petition).

[2] Adams's underlying claim is that the jury instructions in the punishment phase of his trial were unconstitutional, because the second Texas special issue did not encompass the constitutional level of intent required by *Enmund v. Florida*, 458 U.S. 782 (1982), and *Tison v. Arizona*, 481 U.S. 137 (1987), for the imposition of the death penalty. Adams contended that his trial counsel was ineffective for failing to object to the jury instructions and that his appellate counsel was ineffective for failing to raise the constitutional issue on direct appeal.

until the TCCA ruled on the second application. The federal district court granted the motion. A few months later, the TCCA found that the two claims in his subsequent state habeas application were procedurally barred, specifically that they did "not satisfy the requirements of Article 11.071, Section 5," of the Texas Code of Criminal Procedure. Therefore, the TCCA dismissed the application as an "abuse of the writ." *Ex parte Adams*, No. WR-68066-02, 2009 WL 1165001 (Tex. Crim. App. Apr. 29, 2009).

Thereafter, the district court denied Adams's federal habeas petition, dismissing the two claims that Adams presented in his second state habeas application and denying the remaining claims. *Adams v. Thaler*, No. 5:07-cv-180, 2010 WL 2990967 (E.D. Tex. July 26, 2010). The district court determined that Adams had procedurally defaulted his ineffective assistance of trial and appellate counsel claims pursuant to *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). *Coleman* held that "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* Because the TCCA dismissed these claims as an "abuse of the writ"—an independent and adequate state procedural ground—the district court found that the claims were procedurally defaulted. Furthermore, the court ruled that Adams could not demonstrate "cause" to excuse the procedural default, because, pursuant to *Coleman*, the ineffectiveness of state habeas counsel in failing to raise these claims in Adams's first state habeas application did not constitute "cause." *See id.* at 752-53. The court granted Adams a certificate of appealability ("COA") on eleven issues: on the ten claims he presented in his petition and on the issue of whether his two claims were procedurally barred. We affirmed the district

Nos. 12-70010, 12-40436, 12-70011

court's judgment denying Adams's petition. *Adams v. Thaler*, 421 F. App'x 322 (5th Cir. 2011), *cert. denied* 132 S. Ct. 399 (2011).

Adams recently filed another subsequent habeas application in state court, which the TCCA dismissed as an abuse of the writ. *Ex parte Adams*, No. WR-68066-03, 2012 WL 476538 (Tex. Crim. App. Feb. 15, 2012). On March 13, 2012, Adams petitioned the Supreme Court for review of that dismissal and also filed a motion for a stay of execution. On February 27, 2012, Adams filed in our court a motion for authorization to file a successive petition, but withdrew that motion on March 23, 2012, several days after the Supreme Court issued its decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

In *Martinez*, the Supreme Court noted that *Coleman* held that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse procedural default. *Id.* at 1319. The Court recognized that *Coleman* "left open . . . a question of constitutional law: whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 1315. However, the Court did not resolve this constitutional question. *Id.* Instead, the Court in *Martinez* "qualifie[d] *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings[3] may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* The Court summarized its narrow holding as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

---

[3] The Court defined an "initial-review collateral proceeding" as "the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315, 1317.

*Id.* at 1320. The Court characterized its decision as an "equitable ruling," and not a constitutional ruling. *Id.* at 1319.

On April 13, 2012, Adams filed a motion in the federal district court pursuant to Federal Rule of Civil Procedure 60(b)(6), seeking relief from the district court's judgment denying his federal habeas petition. *Adams v. Thaler*, No. 5:07-cv-00180 (E.D. Tex.). In his Rule 60(b)(6) motion, Adams stated that the district court relied on *Coleman* to conclude that Adams's ineffective assistance of trial and appellate counsel claims were procedurally defaulted and that ineffective assistance of state post-conviction counsel could not constitute cause to excuse the default. Adams asserted that, since the district court's judgment, the Supreme Court had decided *Martinez*, which created an exception to *Coleman*'s holding that ineffective assistance of state habeas counsel cannot constitute cause to excuse procedural default. Adams argues that *Martinez* constitutes "extraordinary circumstances" entitling him to Rule 60(b)(6) relief. Adams also filed a motion for a stay of execution pending disposition of his Rule 60(b)(6) motion.

Also on April 13, 2012, Adams filed a second-in-time federal habeas petition in the district court, a motion for a stay of execution, and a motion to proceed *in forma pauperis*. *Adams v. Thaler*, No. 5:12-cv-00036 (E.D. Tex.). Adams argued that his second-in-time federal habeas petition was not a "successive" petition and therefore that the court had jurisdiction to entertain it without our prior authorization. In his petition, Adams asserted that, given *Martinez*, he could now demonstrate cause for his procedural default and was therefore entitled to an adjudication of his ineffective assistance of trial and appellate counsel claims.[4] In his motion for a stay of execution, Adams argued

---

[4] Although we need not, and do not, address the impact of *Martinez* on the Texas habeas landscape, we note that Texas does not require a defendant to raise an ineffective assistance of trial counsel claim only in state habeas proceedings, *see Lopez v. Texas*, 343 S.W.

that the district court "should stay the execution and set a briefing schedule so the parties and the Court can meaningfully examine *Martinez*'s implications."

On April 19, 2012, Rick Thaler ("Director"), Director of the Texas Department of Criminal Justice, filed a response in opposition to Adams's motions for relief from judgment and for stay of execution. The Director argued that the district court should deny Adams's Rule 60(b) motion because the Supreme Court's decision in *Martinez* was simply a "change in decisional law after entry of judgment" and does not constitute "extraordinary circumstances." The Director also filed a motion to dismiss for lack of jurisdiction Adams's second-in-time federal habeas petition. The Director contended that it was "undoubtedly [a] successive" petition because his first federal habeas petition "was dismissed with prejudice challenging the same conviction" and "it contained the exact claims Adams now presents the [district court.]" The Director argued that, because Adams did not receive prior authorization from the court of appeals, the district court should dismiss Adams's successive petition. *See* 28 U.S.C. § 2244(b)(3)(A).

On April 23, 2012, the district court granted Adams's motion to stay his execution pending the court's disposition of Adams's Rule 60(b)(6) motion. In a one-page order, the court stated, "Having considered the circumstances alleged and authorities cited in the motion [for a stay of execution], the Court finds that it is well-taken and it will be granted." The court did not rule on Adams's Rule 60(b)(6) motion. In the separate action regarding Adams's second-in-time habeas petition, the court issued an order pursuant to 28 U.S.C. § 1631 transferring the case to this court, for us to determine in the first instance whether Adams's petition is successive. The court explained that "[w]hether

3d 137, 143 (Tex. Crim. App. 2011), and that ineffective assistance claims (particularly those, like Adams's claim, involving trial counsel's failure to object to jury instructions) are often brought on direct appeal, with mixed success.

7

Nos. 12-70010, 12-40436, 12-70011

Adams's current application is a second or successive petition as those terms are defined in 28 U.S.C. § 2244 is a close case, and in light of that statute the most efficient and economical approach to answering that question is to allow the United States Court of Appeals for the Fifth Circuit to make the initial determination."

On April 24, 2012, the Director filed a motion to vacate the stay of Adams's execution. The Director argued that the district court improperly granted a stay of execution because Adams's underlying claims have no merit. Furthermore, he argued that the district court improperly granted a stay of execution because it is not "reasonably likely [that] Adams['s] motion justifies relief from judgment," because the *Martinez* decision does not constitute extraordinary circumstances. Therefore, the Director asserted that "Adams cannot prove that his pending Rule 60(b)(6) motion would provide a sufficient basis for a stay." The Director also filed a response in opposition to the district court's order transferring Adams's second-in-time habeas petition to this court. The Director argued that the district court erroneously transferred the petition to us, as the district court should have dismissed the petition as an unauthorized successive petition. The Director asserted that we should dismiss Adams's successive petition, as it is barred under 28 U.S.C. § 2244(b)(1).

Finally, on April 24, 2012, Adams appealed the district court's transfer order, and he followed that up with a motion, filed on April 25, 2012, asking this court to establish a briefing schedule on the question whether his second-in-time habeas petition is successive. In the alternative, he asks this court to hold that his petition is not successive and to remand it to the district court for consideration. He also asks for a stay of execution.

## II. DISCUSSION

*A. Stay of Execution*

   *1. Standard of Review*

8

Nos. 12-70010, 12-40436, 12-70011

We review a district court's grant of a stay of execution for abuse of discretion. *Delo v. Stokes*, 495 U.S. 320, 322 (1990) ("The District Court abused its discretion in granting a stay of execution."); *Lackey v. Scott*, 52 F.3d 98, 100 (5th Cir. 1995). The Supreme Court has stated that a "stay of execution is an equitable remedy." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). A stay of execution "is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue inference from the federal courts." *Id.* (citations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (citations omitted). In deciding whether to grant a stay of execution, the district court was required to consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Buxton v. Collins*, 925 F.2d 816, 819 (5th Cir. 1991).

*2. The District Court Improperly Granted A Stay*

In granting Adams's motion for a stay of execution, the district court did not rule on Adams's Rule 60(b)(6) motion. Nor did the court explicitly address the merits of Adams's Rule 60(b)(6) motion. However, as explained above, in order to grant a stay of execution, the district court was required to consider four factors, including that "the stay applicant has made a strong showing that he is likely to succeed on the merits." *Nken*, 556 U.S. at 434. Therefore, in granting the stay, the district court made an implicit determination that it was reasonably likely that Adams's Rule 60(b)(6) motion justified relief from judgment. Thus, in order to assess whether the district court properly exercised

9

its discretion in granting a stay, we determine whether Adams has shown a likelihood of success on the merits of his Rule 60(b)(6) motion.

As a preliminary matter, we determine whether the district court had jurisdiction to rule on Adams's Rule 60(b)(6) motion. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court stated that a Rule 60(b) motion does not contain a habeas corpus "claim," and thus should not be construed as a successive petition, when the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532 (footnote omitted). Specifically, the Court held that a petitioner does not make a "habeas corpus claim . . . when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4. In his Rule 60(b)(6) motion, Adams challenges the district court's determination that his claims were procedurally defaulted. Thus, Adams's Rule 60(b)(6) motion is not to be construed as an improper successive habeas petition and is properly before the district court. *See Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (noting that the court had jurisdiction to consider petitioner's Rule 60(b) motion where petitioner challenged the district court's ruling on procedural default); *Rocha v. Thaler*, 619 F.3d 387, 399 n.26 (5th Cir. 2010) (same).

Next, in order to determine whether the district court properly entered a stay of execution, we assess whether Adams has demonstrated a likelihood of success on the merits of his Rule 60(b)(6) motion. Pursuant to Federal Rule of Civil Procedure 60(b)(6), a court may reopen a final judgment when a party shows "any other reason that justifies relief." "We have interpreted Rule 60(b)(6)'s 'any other reason' language to mean any other reason than those contained in the preceding five enumerated grounds of Rule 60(b)." *Rocha*, 619 F.3d at 400. "While Rule 60(b)(6) is commonly referred to as a 'grand reservoir

of equitable power to do justice,' the rule is only invoked in 'extraordinary circumstances.'" *Id.* (citation omitted); *see also Gonzalez*, 545 U.S. at 535 ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.") (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). The Supreme Court has stated that "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

In contending that "extraordinary circumstances" exist to warrant Rule 60(b)(6) relief, Adams first points to the Supreme Court's decision in *Martinez,* which was issued after the district court's judgment. He asserts that *Martinez* represents a "jurisprudential sea change" in federal habeas corpus law, recognizing an exception to *Coleman*'s holding that ineffective assistance of post-conviction counsel cannot constitute cause for procedural default. Also, Adams points to the "capital nature of the case and the equitable imperative that the true merit of the cause be heard" as factors that, when combined with *Martinez*, constitute "extraordinary circumstances" and warrant Rule 60(b)(6) relief.

Our precedents hold that "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment" under Rule 60(b)(6). *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990) (citations omitted); *see also Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747-48 (5th Cir. 1995). We have held that "[t]his rule applies with equal force in habeas proceedings under" the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Hernandez v. Thaler*, 630 F.3d 420, 430 (5th Cir. 2011); *see Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) ("Under our precedents, changes in decisional law . . . do not constitute the 'extraordinary circumstances' required for granting Rule 60(b)(6) relief. . . . The dicta in *Batts* suggesting that the rule for changes in decisional law might be different in the

habeas corpus context because finality is not a concern is now flatly contradicted by, among other things, AEDPA.").

Indeed, in *Gonzalez*, the Supreme Court concluded that a change in decisional law, concerning the interpretation of AEDPA's statute of limitations, after the entry of the district court's judgment dismissing the habeas petition did not constitute "extraordinary circumstances" under Rule 60(b)(6). The Court explained that the district court's "interpretation was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of [AEDPA]." 545 U.S. at 536. The Court stated that "[i]t is hardly extraordinary" that, subsequent to the district court's judgment, the Supreme "Court arrived at a different interpretation." *Id.* The Court explained that "not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final." *Id.* In *Hernandez v. Thaler*, 630 F.3d 420 (5th Cir. 2011), we found that the district court properly dismissed, under then-controlling precedent, petitioner's habeas petition as barred under the AEDPA statute of limitations. *Id.* at 429. We concluded that the Supreme Court's later change in law regarding the calculation of AEDPA's limitations period—which would have rendered petitioner's habeas petition timely—did not constitute "extraordinary circumstances." *Id.* at 430. We reasoned that "[w]ell-settled precedent dictates that [petitioner] may not use Rule 60(b)(6) to claim the benefit of the Supreme Court's decision in *Jimenez*." *Id.*

Similarly, in the present case, in denying Adams's initial federal habeas petition, the district court correctly determined that Adams's claims were procedurally defaulted pursuant to the then-prevailing Supreme Court precedent of *Coleman*. The Supreme Court's later decision in *Martinez*, which creates a narrow exception to *Coleman*'s holding regarding cause to excuse procedural default, does not constitute an "extraordinary circumstance" under Supreme Court and our precedent to warrant Rule 60(b)(6) relief. *See Gonzalez*,

Nos. 12-70010, 12-40436, 12-70011

545 U.S. at 536; *Bailey*, 894 F.2d at 160.  The *Martinez* Court's crafting of a narrow, equitable exception to *Coleman*'s holding is "hardly extraordinary." *Gonzalez*, 545 U.S. at 536; *see also Martinez*, 132 S. Ct. at 1320 ("The rule of *Coleman* governs in all but the limited circumstances recognized here.").

Because the *Martinez* decision is simply a change in decisional law and is "not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)," Adams's 60(b)(6) motion is without merit.  *Hernandez*, 630 F.3d at 429. Because Adams has not made a showing of a likelihood of success on the merits of his Rule 60(b)(6) motion, the district court abused its discretion in granting a stay of his execution pending the resolution of this motion.  We therefore vacate the district court's grant of a stay of Adams's execution.

## B.  *The District Court's Transfer of Adams's Successive Habeas Petition*

The district court transferred Adams's second-in-time federal habeas petition and accompanying motion for a stay of execution to this court so that we could determine in the first instance whether his petition is a "second or successive" petition under 28 U.S.C. § 2244.

We first must consider whether we have jurisdiction over this case.  *See Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010) ("We have jurisdiction to determine our own jurisdiction.") (citations omitted).  A threshold question in determining whether we have jurisdiction is whether the district court had the authority to transfer the case to us.  The district court transferred the case to us pursuant to 28 U.S.C. § 1631.  Under this statute, entitled "Transfer to cure want of jurisdiction," when a civil action is filed in a court and "that court finds that there is a *want of jurisdiction*," the court "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed."  28 U.S.C. § 1631 (emphasis added).  Therefore, in order for the district court to have had the

authority to transfer the case to us pursuant to the statute, the district court must have lacked jurisdiction over the action.

The question of whether the district court lacked jurisdiction over Adams's second-in-time federal habeas petition depends on whether Adams's petition is a "second or successive" petition within the meaning of 28 U.S.C. § 2244. If Adams's petition is successive, then the district court did not have jurisdiction to consider the petition because Adams did not obtain our prior authorization pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Burton v. Stewart*, 549 U.S. 147, 152 (2007). Therefore, we examine Adams's petition to determine whether it is successive.

AEDPA does not define "second or successive." The Supreme Court has stated that the term "takes its full meaning from [the Court's] case law, including decisions predating the enactment of [AEDPA]." *Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007). "The Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application." *Id.* at 944. For instance, in *Slack v. McDaniel*, 529 U.S. 473 (2000), the Court concluded that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Id.* at 485-86; *see also Panetti*, 551 U.S. at 944-46 (holding that "a § 2254 application raising a *Ford*-based incompetency claim filed as soon as that claim is ripe" is not a successive petition); *Stewart v. Martinez–Villareal*, 523 U.S. 637, 643-45 (1998) (holding that a second-in-time federal habeas petition is not "successive" when it only raises a *Ford* claim that was previously dismissed as premature).

Adams argues that his second-in-time habeas petition is not successive because "the Supreme Court has consistently determined that a petition filed

after [a] technical procedural barrier is removed is not 'second or successive.'" Adams argues that his case is similar to the Court's decisions in *Panetti*, *Slack*, and *Martinez–Villareal* because his two ineffective assistance of counsel claims in his initial federal habeas petition were dismissed on purely "technical" grounds—for procedural default. Adams asserts that *Martinez* has removed this technical barrier to federal habeas review of his claims, and therefore we should not treat his petition as "second or successive."

We reject Adams's argument and conclude that his habeas petition is clearly successive. We have stated that "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (citations omitted); *see United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (finding the *In re Cain* standard "consistent with the Supreme Court's views as expressed in" *Martinez-Villareal* and *Slack*).

In his second-in-time habeas petition, Adams raises two claims—ineffective assistance of trial and appellate counsel for failing to ensure the jury was properly instructed in the punishment phase of his trial—that are identical to the two claims presented in his initial federal habeas petition, filed with the district court in 2009. Thus, pursuant to *In re Cain*, because Adams has raised claims that were already brought in a prior petition, we must construe his second-in-time habeas petition as successive. 137 F.3d at 235; *see also Hernandez*, 630 F.3d at 427; *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (holding that "[b]ecause the claims [petitioner] raises in his proposed § 2254 application were or could have been raised in his first § 2254 application,

which . . . was dismissed as time-barred[,] . . . the instant application is successive.") (citations omitted).[5]

Because we conclude that Adams's petition is successive, the district court did not have jurisdiction to consider the petition. Therefore, we conclude that, to the extent that the petition is construed as an application for a successive petition, the district court correctly transferred the case to us pursuant to 28 U.S.C. § 1631 and we have jurisdiction to consider that application. However, in his April 25, 2012 motion, Adams disclaims seeking our authorization to file a successive petition in the district court, correctly, as he cannot meet the requirements of 28 U.S.C. § 2244(b). Because Adams brings the same two claims in his successive habeas petition as he did in his initial federal habeas petition, Adams's petition is barred under 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").[6] Therefore, the federal courts lack jurisdiction over this petition, and we dismiss Adams's successive

---

[5] Our conclusion that Adams's petition is successive is consistent with the pre-AEDPA "abuse of the writ" doctrine. *See Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (stating that we "look to pre-AEDPA abuse of the writ principles in determining whether [a] petition is successive") (citation and internal quotation marks omitted). In *Bates v. Whitley*, 19 F.3d 1066 (5th Cir. 1994), we stated that "Rule 9(b) of the Rules Governing § 2254 Proceedings precludes federal review of a state prisoner's second federal habeas petition if the petition 'fails to allege new or different grounds for relief and the prior determination was *on the merits*.'" *Id.* at 1067 (emphasis added). We reasoned that "[a] federal habeas court's rejection of a petitioner's constitutional claim because of state procedural default and a failure to show cause and prejudice must be regarded as a determination on the merits in examining whether a subsequent petition is successive." *Id.* (citation omitted). Thus, Adams's second-in-time petition constitutes an "abuse of the writ."

[6] Assuming without deciding that Adams may rely on 28 U.S.C. § 2244(b)(2) as authority to file this successive habeas petition, we nevertheless conclude that he is not entitled to authorization. Pursuant to 28 U.S.C. § 2244(b)(2)(A), if a claim was not presented in a prior habeas corpus application, it "shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Martinez* does not provide a basis for authorization under § 2244(b)(2)(A), as the Court's decision was an "equitable ruling" that did not establish "a new rule of constitutional law." 132 S. Ct. at 1319.

habeas petition.  As there is no basis for a stay, we deny his motion for a stay of execution.

### III. CONCLUSION

For the foregoing reasons, we VACATE the district court's grant of a stay of execution; we DISMISS Adams's successive federal habeas petition; we DENY his motion to set a briefing schedule or, in the alternative, to remand his petition to the district court; and we DENY his motion for a stay of execution.  The mandate shall issue forthwith.