**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2013

Lyle W. Cayce
Clerk

No. 12-30094
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLYDE J. PONTEFRACT,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CR-69-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Clyde J. Pontefract pleaded guilty to production of child pornography. He was sentenced to 30 years in prison and a life term of supervised release. He appeals his conviction and sentence. We AFFIRM.

Pontefract first contends that there was no factual basis for his plea because there was no proof that any image he produced of his minor daughter was sexually explicit in that it consisted of a "lascivious exhibition of the genitals or pubic area" as required by 18 U.S.C. § 2256(2)(A)(v). Whether the nude

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

photos here constitute a " lascivious exhibition" and whether there was a sufficient factual basis to support the conviction are both factual issues we review for clear error. *See United States v. Steen*, 634 F.3d 822, 826 (5th Cir. 2011); *United States v. Hildenbrand*, 527 F.3d 466, 474-75 (5th Cir. 2008). Reviewing the record in light of the factors set forth in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd,* 813 F.2d 1231 (9th Cir. 1987), which we adopted in *United States v. Rubio*, 834 F.2d 442, 448 (5th Cir. 1987), we conclude that Pontefract shows no clear error in the district court's finding of a factual basis.

Pontefract asks us to consider the constitutionality of § 2256(2)(A)(v) as applied to him. To the extent he articulates an as-applied constitutional challenge to § 2251(a), he asserts a non-jurisdictional defect that was waived by his valid guilty plea. *See United States v. Sealed Appellant*, 526 F.3d 241, 242-43 (5th Cir.2008).

In further asserting that he committed no crime, Pontefract makes various assertions that the offending image must depict a sexual act, that the image must have traveled in interstate commerce, that the material containing the image must have contained the image when the material traveled in interstate commerce, and that the image must have been commercially marketed. Section 2251(a) plainly requires none of these things. Pontefract's arguments warrant no relief.

Pontefract also contends generally that his plea was invalid and unknowing because he did not have access to the PSR at the time of the plea and that the PSR could not be used to support the finding of a factual basis or to calculate his sentence. Pontefract acknowledged under oath and in his plea agreement that his sentence could be up to 30 years and that it would be determined by the court after consulting the Guidelines and the completed PSR. Further, a sentencing court may properly rely on the facts in the PSR to formulate the sentence. *United States v. Caldwell*, 448 F.3d 287, 291 n.1 (5th

Cir. 2006). Information in the PSR may serve as support for a finding of a sufficient factual basis. *See Hildenbrand*, 527 F.3d at 475. This claim has no basis in fact or law.

Pontefract contends that his 30-year prison sentence and his life-time term of supervised release are unlawful. He posits that his offense is a Class B felony under 18 U.S.C. § 3559(a)(2), and he argues that the authorized sentence allowed a Class B felony is 25 years pursuant to 18 U.S.C. § 3581(b)(2). § 3581(b) was and "is, part of a classification system adopted in 1984 for use in setting [sentences] for federal offenses by reference to letter grades reflecting their relative seriousness." *United States v. R.L.C.*, 503 U.S. 291, 300 (1992). In contrast, § 3559(a) applies to offenses "not specifically classified by a letter grade in the section defining [them]." § 3559(a). In addition, § 3559(b) provides that "the maximum term of imprisonment is the term authorized by the law describing the offense." § 3559(b). Moreover, § 3551 provides that a person is sentenced under § 3581, which is part of "subchapter D," only if the sentence is not "otherwise specifically provided." § 3551(a) & (b)(3); § 3581. The maximum sentence "specifically provided" for a violation of § 2251(a) is 30 years. § 2251(e). Pontefract fails to show that his 30-year sentence of imprisonment was unlawful.

Pontefract argues that his life term of supervised release is unlawful because it makes his total sentence of custody exceed 30 years, which he says is an absolute maximum. A court may impose a term of supervised release "after imprisonment," and the term may be as long as the remainder of the offender's life. 18 U.S.C. § 3583(a) & (k).

Pontefract seeks to assert broad claims of ineffective assistance of plea counsel. The record is insufficiently developed to allow consideration of these claims on direct appeal, so we do not consider them. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.