# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-70023

JOHN LEZELL BALENTINE,

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2014

Lyle W. Cayce
Clerk

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-39

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before STEWART, Chief Judge, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Petitioner John Lezell Balentine filed a Rule 60(b) motion with the district court on July 12, 2012, arguing that the Supreme Court's holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), entitled him to relief. The district court denied the motion, relying on our precedent that *Martinez* was not relevant to a habeas petitioner convicted under Texas law because Texas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-70023

permits criminal defendants to raise ineffective assistance of trial counsel claims on direct appeal. *See Ibarra v. Thaler*, 687 F.3d 222 (5th Cir. 2012), *overruled by Trevino v. Thaler*, 133 S. Ct. 1911 (2013). On appeal, we affirmed.

The Supreme Court overruled this circuit's interpretation that *Martinez* was inapplicable to claims that counsel had been ineffective in Texas state habeas proceedings. *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Balentine's petition for a writ of certiorari was granted, our judgment was vacated, and the cause was remanded for further proceedings.

On remand, we ordered letter briefs that would identify the remaining issues and discuss whether the case should be returned to the district court. We specifically requested each party to discuss a case which had held, prior to *Trevino*, that *Martinez* was not a ruling that would justify relief under Rule 60(b). *See Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012).

Because the district court's denial of Balentine's Rule 60(b) motion was premised on the now-overruled decision in *Ibarra*, we must decide the most efficacious procedure for determining whether, and if so how, *Martinez* applies to Balentine's claims.

Balentine argues that the Texas Court of Criminal Appeals has expressed a willingness to consider defaulted ineffective assistance of trial counsel claims after *Trevino*. He asks that we stay his appeal and allow him to return to state court to exhaust his potentially defaulted constitutional claim, or in the alternative to remand the case to the district court for further development of the remaining fact-bound issues. Further, he asserts that *Adams* does not prohibit this court from granting relief because its holding was closely tied to the facts in that case, facts which he distinguishes.

The State argues that, regardless of *Trevino*, any further attempt by Balentine to pursue his ineffective assistance of trial counsel claim in state court would be futile because the Texas Court of Criminal Appeals will not

## No. 12-70023

consider the merits of that defaulted claim.  Further, the State argues that this court cannot grant Rule 60(b) relief because *Adams* remains applicable, and, as that court held, there are no extraordinary circumstances warranting Rule 60(b) relief in this case.

An appellate court's role does not usually resolve legal issues that have not previously been presented to a trial court.  Due to the questions raised regarding whether it is likely futile to allow the Texas Court of Criminal Appeals to consider Balentine's current claims in light if *Martinez* and *Trevino*, and because the relevance of *Adams* may depend on whether Balentine returns to state court, we REMAND in order that the district court may conduct further proceedings consistent with the Supreme Court's ruling in *Trevino*.  We DENY Balentine's motion that we stay the proceedings now and allow him to return to state court in order to exhaust his claim.

REMANDED.