# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-70013

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2014

Lyle W. Cayce
Clerk

JUSTEN HALL,

Petitioner−Appellant

versus

WILLIAM STEPHENS, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent−Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CV-135

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:*

Justen Hall, found guilty of capital murder in 2004, moved in federal district court for relief from a final judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. He seeks a certificate of appealability ("COA") from

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-70013

denial of that motion.

This court reviews the denial of a Rule 60(b)(6) motion under an abuse-of-discretion standard. Because reasonable jurists would not find debatable that the district court did not abuse its discretion, we deny a COA. *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir.), *cert. denied*, 134 S. Ct. 48 (2013). "It is not enough that the granting of relief might have been permissible, or even warranted . . . [the] denial must have been so unwarranted as to constitute an abuse of discretion." *Id.* (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981)). A movant is required "to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "Such circumstances will rarely occur in the *habeas* context." *Gonzalez*, 545 U.S. at 535.

From Hall's application for a COA, it is not remotely evident what "extraordinary circumstances" he believes justify the unusual award of Rule 60(b) relief from a final judgment. The vast majority of his brief merely reurges the merits of an inadequate-assistance-of-counsel ("IAC") claim that was long ago rejected on the merits by the district court and this court[1] before the Supreme Court ultimately denied certiorari.[2] A Rule 60(b) motion is not a proper mechanism to re-litigate the merits of the IAC claim and surely not a proper vehicle for doing so when the judgment from which Hall seeks relief has been confirmed on appeal (on the merits). *See Gonzalez*, 545 U.S. at 532; *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012); *Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011). Moreover, the district court did not abuse its discretion in concluding that Hall's two-year delay in filing his Rule 60(b) motion was unreasonable.

---

[1] *See Hall v. Thaler*, 504 F. App'x 269 (5th Cir. 2012).

[2] *See* 134 S. Ct. 385 (2013).

2

No. 14-70013

Opaquely, Hall alludes to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), as "extraordinary circumstances" justifying Rule 60(b) relief. That notion is without merit. We have already rejected the theory that those changes in decisional law constituted a kind of "extraordinary circumstance" that warrants relief under Rule 60(b). *See Diaz*, 731 F.3d at 376 (as to *Trevino*); *Adams*, 679 F.3d at 320 (as to *Martinez*). In any event, Hall has already received that to which *Trevino* would entitle him: consideration of his IAC claims, which both the district court and this court rejected *on the merits. See Hall v. Thaler*, 504 F. App'x 269 (5th Cir. 2012).

Finally, Hall's explanation as to the necessity of relief from a final judgment is puzzling. He claims that he needs this relief because two recent Texas state-court decisions relating to his former lawyer have opened an avenue for him for habeas corpus relief in state court. Yet, he has provided no explanation or authority for why we would have to vacate a final judgment of a district court (affirmed on appeal) before Texas would consider his state petition.

The application for a COA is DENIED.