# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-31237

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLYDE J. PONTEFRACT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-1181

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Clyde J. Pontefract, federal prisoner # 13955-035, pleaded guilty to production of child pornography and was sentenced to 30 years in prison. *United States v. Pontefract*, 515 F. App'x 327, 327 (5th Cir. 2013). In 2018, Pontefract filed a 28 U.S.C. § 2255 motion that the district court found to be an unauthorized successive motion. The district court transferred the case to this court. We dismissed the transferred proceeding when Pontefract failed to move for authorization to file a successive § 2255 petition. Instead, he filed in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31237

the district court a motion for a certificate of appealability (COA), which the district court transferred to this court. The motion for a COA is denied as unnecessary because the transfer order is not a final order in a § 2255 proceeding. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015). We liberally construe Pontefract's COA pleading as a motion for authorization to file a successive § 2255 motion.

A threshold jurisdictional question "is whether the district court had the authority to transfer the case" to this court. *Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012). If Pontefract's motion was successive and unauthorized, the district court had the authority to transfer it, and this court has jurisdiction. *See id.*; *see also Fulton*, 780 F.3d at 685 (noting that "the question of whether a petition is in fact successive is a threshold jurisdictional matter"). Pontefract's § 2255 motion was an unauthorized successive motion because it raised claims that could have been raised in his prior § 2255 motion. *See Adams*, 679 F.3d at 321-22. The transfer order is affirmed.

In seeking authorization to file a successive § 2255 motion, Pontefract does not rely on a new rule of law under § 2255(h)(2). Rather, he asserts that his claim of ineffective counsel is based on newly discovered evidence in the form of a 2009 letter from the United States Attorney complaining about local police misconduct in another case. Pontefract does not explain why the letter or the factual predicate of his claim could not have been discovered prior to the filing of his initial § 2255 motion. Moreover, he fails to show how the facts recounted in the letter would "establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty." § 2255(h)(1). To the extent Pontefract moves for authorization to file a successive § 2255 motion, his motion is denied.

No. 18-31237

COA DENIED AS UNNECESSARY; TRANSFER ORDER AFFIRMED;
MOTION FOR AUTHORIZATION DENIED.