# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2021

Lyle W. Cayce
Clerk

No. 20-40849

In re: Blaine Keith Milam,

*Movant*,

consolidated with

No. 20-70024

Blaine Keith Milam,

*Petitioner—Appellant*,

v.

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee.*

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-646

Before Elrod, Graves, and Higginson, *Circuit Judges*.

No. 20-40849
c/w No. 20-70024

Per Curiam:*

Blaine Keith Milam is a Texas state prisoner scheduled to be executed on January 21, 2021. He appeals an order transferring his second-in-time petition for writ of habeas corpus to this Court. He has also filed a motion to stay his execution. We AFFIRM the order of transfer and DENY his motion for stay of execution.

**I.**

In 2010, Blaine Keith Milam was convicted of capital murder of thirteen-month-old Amora Bain Carson and sentenced to death in Texas state court. His conviction and sentence were affirmed. *Milam v. State*, No. AP-76,379, 2012 WL 1868458 (Tex. Crim. App. May 23, 2012). Milam subsequently sought post-conviction relief in state and federal court. Both habeas petitions were denied. *See Ex parte Milam*, No. WR-79,322-01, 2013 WL 4856200 (Tex. Crim. App. Sept. 11, 2013); *Milam v. Director, TDCJ-CID*, No. 4:13-CV-545, 2017 WL 3537272 (E.D. Tex. Aug. 16, 2017); *Milam v. Davis*, 733 F. App'x 781 (5th Cir. 2018) (declining to grant a Certificate of Appealability), *cert. denied*, 139 S. Ct. 335 (2018). Neither petition included the claim that Milam was categorically ineligible for execution due to an intellectual disability.

In 2019, Milam filed a successive state habeas petition raising several claims, including the claim that he cannot be executed due to his intellectual disability. *Ex parte Milam*, No. WR-79,322-02, 2019 WL 190209, at *1 (Tex. Crim. App. Jan. 14, 2019). His state petition was denied. *Ex parte Milam*, No. WR-79,322-02, 2020 WL 3635921 (Tex. Crim. App. July 1, 2020).

On October 2, 2020, Milam filed a motion to file a successive federal habeas petition raising an intellectual disability claim. We denied the motion,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40849
c/w No. 20-70024

holding that a claim under either *Moore v. Texas*, 137 S. Ct. 1039 (2017), or *Atkins v. Virginia*, 536 U.S. 304 (2002), was previously available to him. *In re Milam*, No. 20-40663, 2020 WL 7658498, at *2–*3 (5th Cir. Oct. 27, 2020).

On December 15, 2020, Milam filed a second-in-time federal habeas petition in the U.S. District Court for the Southern District of Texas. The case was transferred to the Eastern District of Texas, which transferred the petition to this Court for consideration under 28 U.S.C. § 2244(b)(3)(A). Milam appeals the transfer order and moves to stay the execution.

## II.

We first address Milam's argument that the district court erred in transferring the order to this Court based on its "erroneous conclusion" that his motion for authorization to file a successive petition constituted a "prior application" under 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). To the contrary, the district court did not designate his motion as a prior application under section 2244(b)(1); instead, it addressed his motion solely under the purview of section 2244(b)(3)(A). We thus reject the assertion that the transfer order relied on section 2244(b)(1).

We now turn to section 2244(b)(3)(A), which states that an applicant must move the appropriate court of appeals for an order authorizing the district court to consider a second or successive application before filing it in district court. Relying on this statutory provision, the district court concluded that it lacked jurisdiction to consider Milam's second-in-time federal habeas petition, finding the application to be a second or successive petition requiring appellate authorization of the district court's review. Indeed, the question of whether the district court lacked jurisdiction depends on whether Milam's petition is a "second or successive" petition within the

meaning of section 2244(b)(3)(A). *Adams v. Tahler*, 679 F.3d 312, 321 (5th Cir. 2012). "Although a prisoner's application is not second or successive simply because it follows an earlier federal petition, it is the well-settled law of this circuit that a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Sepulvado*, 707 F.3d 550, 553 (5th Cir. 2013) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)) (internal quotation marks and alterations omitted).

Milam urges us to reject the characterization of his petition as "second" or "successive" because it would bar federal review of his intellectual disability claim and permit execution of an intellectually disabled person, in violation of the Eighth Amendment and the Suspension Clause. But we cannot ignore longstanding precedent that a petition is successive when it raises a claim that could have been raised in an earlier petition. *See Cain*, 137 F.3d at 235. In his second-in-time habeas petition, Milam raises an intellectual disability claim that we have already deemed previously available when considering his motion for authorization to file a successive habeas petition. *See Milam*, 2020 WL 7658498, at *2–*3 (concluding that Milam had the opportunity to seek amendment of his initial federal habeas petition to include an intellectual disability claim in the several months between *Moore* and the petition's dismissal); *see also In re Soliz*, 938 F.3d 200, 204 (5th Cir. 2019) (denying request to file successive habeas petition raising an intellectual disability claim and seeking relief from execution where relevant court decision was published four months before denial of initial habeas application). We had also noted that Milam presented evidence at trial of his intellectual disability, and the jury did not consider the additional *Briseno* factors struck down by *Moore* when unanimously agreeing that Milam did not prove his intellectual disability by a preponderance of the evidence. *Milam*,

No. 20-40849
c/w No. 20-70024

2020 WL 7658498, at \*3. Thus, because Milam had sufficient opportunity to raise his intellectual disability claim in a prior petition, we must construe his second-in-time habeas petition as successive. *See id.*

Because we conclude the petition is successive, the district court did not have jurisdiction to consider the petition and correctly transferred the case to us. As Milam recognizes, we previously concluded that he could not establish the prior unavailability of his intellectual disability claim and that his petition is barred under section 2244(b)(1). Therefore, federal courts lack jurisdiction over his petition, so we dismiss Milam's successive habeas petition. *See Adams*, 679 F.3d at 323. As there is no basis for a stay, we deny his motion for a stay of execution.

## III.

For the foregoing reasons, we AFFIRM the order of transfer and DENY his motion for stay of execution.