# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2021

Lyle W. Cayce
Clerk

No. 19-20736

Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs ᴏF Aᴍᴇʀɪᴄᴀ,

*Plaintiff*,

*versus*

Wɪʟʟɪᴀᴍ Sᴏʟᴏᴍᴏɴ Lᴇᴡɪs,

*Defendant—Petitioner*.

Application for Certificate of Appealability from the
United States District Court for the Southern District of Texas
USDC No. 4:14-CV-335

Before Jᴏɴᴇs, Dᴜɴᴄᴀɴ, and Eɴɢᴇʟʜᴀʀᴅᴛ, *Circuit Judges*.
Pᴇʀ Cᴜʀɪᴀᴍ:*

William Solomon Lewis, federal prisoner # 73998-279, was convicted by a jury of possessing an unregistered firearm. He now seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion challenging this conviction. In addition, Lewis requests a COA to challenge the district court's denial of his Federal Rule of Civil

---

* Pursuant to 5ᴛʜ Cɪʀᴄᴜɪᴛ Rᴜʟᴇ 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀᴄᴜɪᴛ Rᴜʟᴇ 47.5.4.

No. 19-20736

Procedure 60(b) motion, in which he presented new evidence in support of his contention that the district court erred in denying relief on the merits of his ineffective assistance claims.

"This court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal in a civil case is a jurisdictional prerequisite. *See Bowles v. Russell*, 551 U.S. 205, 213-14 (2007); 28 U.S.C. § 2107(b)(1). Lewis had 60 days from the entry of the judgment denying his § 2255 motion in which to file his notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B)(i). He did not file a notice of appeal until after this appeal period expired. His Rule 60(b) motion was not filed within the 28-day period following the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). Finally, Lewis filed no motion to excuse the delay under Federal Rule of Appellate Procedure 4(a)(5). *See Henry v. Estelle*, 688 F.2d 407, 407 (5th Cir. 1982). Because Lewis did not file a timely notice of appeal, his motion for a certificate of appealability from the denial of his original § 2255 motion is DENIED, and the appeal is DISMISSED for lack of jurisdiction.

Lewis did file a timely notice of appeal from the denial of his Rule 60(b) motion. The district court rejected Lewis's postjudgment claims on their merits. However, the court had no jurisdiction to consider his challenge to the denial on the merits of his ineffective assistance claims, as the pleading constituted a successive § 2255 motion and Lewis had not obtained authorization to proceed from this court. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005); *Adams v. Thaler*, 679 F.3d 312, 321-22 (5th Cir. 2012); 28 U.S.C. § 2244(b)(3)(A); § 2255(h). Accordingly, Lewis's request for a COA with respect to the denial of Rule 60(b) relief is DENIED as moot, the district court's order denying relief on the Rule 60(b) motion is VACATED, and the case is REMANDED with instructions to dismiss the motion for lack of jurisdiction. *See Davis v. Sumlin*, 999 F.3d 278, 279-80 (5th Cir. 2021).

No. 19-20736

Lewis's motions for leave to proceed in forma pauperis on appeal, for release on bond pending appeal, and for courtesy copies of his COA application and brief are DENIED.