# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2022

Lyle W. Cayce
Clerk

No. 22-10038

Anthony Rohlf,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-200

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Anthony Rohlf, Texas prisoner # 2089530, was convicted of aggravated assault with a deadly weapon. He now moves for a certificate of appealability (COA) to appeal the district court's denial of his Federal Rule of Civil Procedure 60(b) motion, in which he alleged the judgment denying

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

his 28 U.S.C. § 2254 petition was the result of fraud, misrepresentation, and misconduct by his trial counsel and the State's attorney.

The district court rejected Rohlf's Rule 60(b) motion on the merits. However, the court had no jurisdiction to consider his motion because it constituted a successive § 2254 application, and Rohlf had not obtained authorization to proceed from this court. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005); *see also Adams v. Thaler*, 679 F.3d 312, 321-22 (5th Cir. 2012); 28 U.S.C. § 2244(b)(3)(A). Although Rohlf purported to rely on fraud on the court pursuant to Rule 60(b)(3), the underlying claim was raised in his § 2254 petition. Accordingly, Rohlf's request for a COA with respect to the denial of Rule 60(b) relief is DENIED as moot, the district court's order denying relief on the Rule 60(b) motion is VACATED, and the case is REMANDED with instructions to dismiss the motion for lack of jurisdiction. *See Davis v. Sumlin*, 999 F.3d 278, 279-80 (5th Cir. 2021).