**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FREDERICK GRAY,

        Petitioner-Appellant,

v.

MIKE MULLIN, Warden,

        Respondent-Appellee.

No. 05-6216
(D.C. No. CIV-00-562-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

Petitioner Frederick Gray seeks to appeal, for the second time, the district court's dismissal of his 28 U.S.C. § 2254 application for writ of habeas corpus. We conclude that petitioner filed an unauthorized and impermissible second and successive habeas petition, and we dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

Petitioner is an Oklahoma state prisoner convicted of murder in 1997. He filed a § 2254 habeas petition in 2000. The district court denied the petition in 2003, and granted a certificate of appealability on one claim: whether petitioner was denied constitutionally effective assistance of counsel. On appeal, a panel of this court affirmed the denial of habeas relief on the basis that petitioner, through his appointed counsel, had failed to include in the record on appeal the state trial transcripts and other documents referenced in the appellate briefs. *Gray v. Addison*, 119 F. App'x 202, 203-04 (10th Cir. 2004) (unpublished), *cert. denied*, 126 S. Ct. 239 (2005). Without these records, this court could not evaluate the parties' characterization of the trial evidence, determine whether the jury was deprived of material evidence due to trial counsel's deficient performance, or meaningfully review the district court's ruling. *Id*. at 203. The panel noted it was not obligated to remedy petitioner's failure to designate an adequate record. *Id*. at 204 (citing 10th Cir. R. 10.3(B)).

Petitioner requested panel rehearing and leave to supplement the record with the missing state court records. Counsel for petitioner explained that she had mistakenly believed that the district court would transmit the entire record before the district court, including the state records, but had not verified this assumption with the court clerk. The panel denied rehearing, noting it was not

-2-

permitted under Federal Rule of Appellate Procedure 40 to grant rehearing based on attorney neglect, and that 28 U.S.C. § 2254(i) prohibits habeas relief based on ineffective counsel in state or federal collateral post-conviction proceedings. *Gray v. Addison*, No. 03-6270, Order dated Jan. 4, 2005. Petitioner sought rehearing en banc, which this court denied.

Petitioner then filed a motion in district court pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure requesting that court to vacate and reissue its original order so that he could pursue his appeal on the merits. The district court granted the Rule 60(b)(6) motion; vacated its original 2003 order denying habeas relief; issued a new, verbatim order denying habeas relief; and granted petitioner a certificate of appealability. We conclude that petitioner's Rule 60(b) motion was an improper attempt to file a second and successive habeas petition, and that the district court did not have jurisdiction to grant the motion or to reach the merits of petitioner's claims.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 imposed restrictions on the filing of a second or successive § 2254 habeas petition. As relevant here, any claim presented in a successive petition that has already been adjudicated in a previous petition must be dismissed. 28 U.S.C. § 2244(b)(1). Furthermore, a second or successive habeas petition cannot be filed in district

court unless the petitioner first obtains an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

In 1998, this court ruled that a Rule 60(b) motion seeking to vacate a prior judgment denying a § 2254 habeas petition was to be treated categorically as a second and successive habeas petition, subject to the preauthorization requirement of § 2244(b)(3). *Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998). Recently, however, in *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), the Supreme Court rejected such a categorical treatment of Rule 60(b) motions in habeas proceedings. The Court held that:

> [A] Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or *reassert*, claims of error in the movant's state conviction. A motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

*Id*. at 2651 (emphasis added).

Petitioner contends that his Rule 60(b) motion is not an unauthorized successive habeas petition because he is not raising any new claims, but is only raising the identical claims and arguments presented in the original appeal. He asserts the quotation from *Gonzalez* supports his argument that his Rule 60(b) motion is not a successive petition, because he is not attempting to amend,

-4-

reargue, or supplement his original claims. We disagree. Although petitioner is not raising any new issues or arguments, he is unequivocally *reasserting* his substantive claim of error as to his state conviction. *See id.*

Whether a Rule 60(b) motion may be filed without preauthorization in a habeas proceeding depends on the nature of the relief sought. *Id.* at 2648. *Gonzalez* holds that a proper Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* Thus, the Rule 60(b) motion in *Gonzalez* could proceed without preauthorization because it challenged a procedural ruling by the district court that precluded a merits analysis of the habeas claims by that court.

On the other hand, *Gonzalez* holds that a Rule 60(b) motion in a § 2254 case must be treated as a successive habeas petition if it asserts or reasserts a substantive claim to set aside the petitioner's state conviction. *Id.* at 2648, 2651. The Rule 60(b) motion at issue in this case clearly falls into this category. The federal district court in this case *did* rule on the merits of petitioner's habeas claims, and petitioner's Rule 60(b) motion unquestionably reasserts the same substantive ineffective assistance of counsel claim that he asserted in his § 2254 petition.

Petitioner argues that he properly invoked Rule 60(b) to avoid a fundamental miscarriage of justice so that his appeal could be heard on the merits, not be dismissed because of his counsel's failure to transmit the necessary record on appeal. In essence, petitioner is arguing that his Rule 60(b) motion merely attacks a procedural "defect in the integrity of the federal habeas proceedings." *Gonzalez*, 125 S.Ct. at 2648. *Gonzalez* itself forecloses this argument, however, holding that "an attack based on . . . habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id*. at 2648 n.5 (citation omitted). Moreover, the proper means for petitioner to challenge this court's procedural ruling was to seek Supreme Court review (and here, the Supreme Court denied certiorari), not to seek a "do-over" in the district court. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (holding that Rule 60(b) motions "are inappropriate vehicles to reargue an issue previously addressed by the court.").

Petitioner's Rule 60(b) motion was a second, successive habeas petition, but petitioner failed to obtain authorization from this court before filing his motion. We must, therefore, vacate the district court's order granting Rule 60(b) relief because it did not have jurisdiction to decide the unauthorized successive habeas

petition.[1] *See Lopez*, 141 F.3d at 975-76. We construe the notice of appeal and appellate brief in this case as "an implied application under 28 U.S.C. § 2244(b)(3)(A) for leave to file a second habeas petition in the district court." *Lopez*, 141 F.3d at 976. Leave is prohibited in this case, however, by § 2244(b)(1), which mandates dismissal of any claim presented in a second or successive § 2254 habeas application that was presented in a prior application.

Accordingly, the district court's order dated June 6, 2005, granting petitioner's Rule 60(b) motion, is VACATED; petitioner's implied application for leave to file a second or successive § 2254 petition is DENIED; and this appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1]    The district court deemed the Rule 60(b) motion confessed under its local rules because the respondent did not file any objection. A district court does not have jurisdiction to address the merits of a second or successive petition unless this court has granted the required prior authorization under § 2244(b)(3)(A), *Lopez*, 141 F.3d at 975-76, and parties cannot – by agreement, consent, estoppel, or waiver – confer jurisdiction on a federal court which has not been granted by the Constitution and Congress. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994).