# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-70002

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2014

Lyle W. Cayce
Clerk

EDGAR  ARIAS TAMAYO,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:

Edgar Arias Tamayo ("Tamayo") is scheduled to be executed by the State of Texas on January 22, 2014.  Among other proceedings filed in the last week, Tamayo moved the district court that issued his original federal habeas decision, *see Tamayo v. Thaler*, No. 4:03-cv-03809 (S.D. Tex. Mar. 25, 2011), for relief under Rule 60(b). The district court denied relief, but granted a certificate of appealability ("COA") authorizing him to appeal the district court's denial of relief.

Tamayo's motion to proceed *in forma pauperis* on appeal is GRANTED. We AFFIRM the district court denial of relief under Rule 60(b); his associated request for stay of execution is DENIED.

No. 14-70002

Factual and Procedural History

Tamayo and Jesus Mendoza were arrested in the parking lot of a bar in Harris County, Texas on January 31, 1994, for robbing a patron. After the men were searched and handcuffed, Officer Guy Gaddis of the Houston Police Department placed them in a patrol car, with Tamayo seated behind Officer Gaddis. When Officer Gaddis stopped to make a phone call, Tamayo revealed to Mendoza that he had a gun in his waistband. The evidence at trial showed that Tamayo managed to remove the gun from his waistband despite the fact that he was handcuffed. When Officer Gaddis returned to the vehicle and drove away, Tamayo shot Officer Gaddis multiple times. The patrol car crashed into a residence, and Tamayo escaped through a broken window. The police were called to the scene and captured Tamayo as he ran down the street near the crash, still handcuffed. Officer Gaddis was taken to the hospital immediately, but he was pronounced dead upon arrival.

Tamayo gave two written statements admitting that he had the gun in the police car, that he shot Gaddis, and that he knew Gaddis was a police officer. The State presented evidence that Tamayo had purchased the gun several days before the murder. According to Tamayo, approximately one week before the trial, the Mexican consulate learned of his case. At trial, the evidence indicated that Tamayo, rather than Mendoza, was the shooter (logically, it could be only one or the other, or both in concert, as Officer Gaddis could not have shot himself in the back of the head three times). The jury found Tamayo guilty of capital murder and subsequently sentenced him to death. Tamayo appealed to the Texas Court of Criminal Appeals ("CCA"), which affirmed his conviction. *Tamayo v. State*, No. AP-72,033 (Tex. Crim. App. 1996).

2

No. 14-70002

In February 1998, Tamayo sought state habeas relief based on ineffective assistance of counsel ("IAC") for failing to investigate evidence of organic brain damage.  The CCA rejected Tamayo's claim in June 2003.  *Ex parte Tamayo*, No. WR-55,690-01 (Tex. Crim. App. 2003) (not designated for publication).

In September 2003, Tamayo filed his federal habeas application, reasserting his IAC claim based on counsel's failure to investigate the alleged organic brain injury.  Tamayo moved to stay the proceedings in 2005 to allow him to return to state court to present additional claims, including two claims under the International Court of Justice's decision concerning the alleged violation of his consular notification rights under the Vienna Convention on Consular Relations (the "Vienna Convention"), Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820 and a claim that he was ineligible for execution under *Atkins v. Virginia*, 536 U.S. 304 (2002).  The CCA dismissed these successive habeas petitions as an abuse of the writ.  *See Ex parte Tamayo*, 2010 WL 2332395 (Tex. Crim. App. 2010) (not designated for publication) (*Atkins* Claim); *Ex parte Tamayo*, 2008 WL 2673775 (Tex. Crim. App. 2008) (not designated for publication) (Vienna Convention Claim); *Ex parte Tamayo*, WR-55,690-02 (Tex. Crim. App. Sept. 10, 2003) (not designated for publication) (Vienna Convention Claim).

Tamayo amended his federal habeas petition, adding his Vienna Convention and *Atkins* claims.  In March of 2011, the federal district court denied Tamayo federal habeas relief on his claims and determined that he was not entitled to a COA.  *Tamayo*, No. 4:03-cv-03809.

Tamayo then sought a COA from this court, which we denied in December of 2011.  *Tamayo v. Thaler*, No. 11-70005 (5th Cir. Dec. 21, 2011).  In this opinion, we addressed Tamayo's IAC claims.  We concluded that his claim of IAC predicated on a failure to investigate and present evidence of his

3

No. 14-70002

childhood circumstances was procedurally barred as unexhausted. *Id.* at *8. We concluded that jurists of reason would not debate the reasonableness of the state court's disposition of his IAC claim based upon the failure to investigate and present mitigating evidence of organic brain damage. *Id.* at *9. In this regard, we analyzed the standards of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires both ineffectiveness and prejudice in order for an IAC claim to be successful. *Tamayo*, 11-70005, *9. We concluded that Tamayo had not raised a debatable issue on the prejudice prong because of the "double-edged sword" nature of the proffered evidence. *Tamayo*, 11-70005, *9-12. We also addressed Tamayo's claim of mental retardation under *Atkins v. Virginia*, 536 U.S. 304, 321 (2002). We noted the untimeliness of his claim under federal law and further stated:

> The record indicates that Tamayo's habeas counsel exercised due diligence after *Atkins* was decided and had Tamayo tested; however, the initial test showed that Tamayo was not mentally retarded. It was only after Tamayo was tested again after the limitations period had run that he was diagnosed as mentally retarded. The factual predicate for the claim—Tamayo's alleged mental retardation—was available when Tamayo was tested initially; it was the person evaluating the factual predicate that changed.

*Tamayo*, 11-70005, *13. Finally, we denied his COA application as to a Vienna Convention violation claim because "[t]he United States Supreme Court has never held that the Vienna Convention creates a private right of action that is enforceable by an individual." *Id.* at *14. The Supreme Court denied Tamayo's petition for certiorari in November of 2012. *Tamayo v. Thaler*, 133 S. Ct. 608 (2012). On September 17, 2013, in response to the state's motion, the 209th Harris County District Court scheduled Tamayo to be executed on January 22, 2014.

On December 13, 2013, Tamayo filed a written application for clemency with the Texas Board of Pardons and Paroles (the "Board"). On January 13,

4

No. 14-70002

2014, Tamayo filed a § 1983 claim in federal district court asserting that the Board's procedures violate his due process rights. He further sought a TRO or preliminary injunction preventing the Board from voting and the Governor from acting on the Board's recommendation pending the outcome of his lawsuit. He further sought a stay of execution pending his discovery requests in connection with his § 1983 claim. On January 21, 2014, the district court denied his request for a temporary restraining order and for a preliminary injunction. The Board declined to recommend clemency for Tamayo on January 21, 2014.

On January 14, 2014, Tamayo filed a successive habeas petition in Texas state court, alleging, among other things, that he did not receive a fair trial in light of "newly discovered evidence" that the Harris County District Attorney's office coached Mendoza by "instruct[ing] him how he was to testify, and what he should—and should not—say."

On January 16, 2014, Tamayo filed another successive habeas petition in Texas state court, arguing that his sentence of death is "illegal and unconstitutional" based on his alleged mental retardation. In support of this claim, he relied on the newly-released decision of the Inter-American Commission on Human Rights ("IACHR"). The IACHR's decision concluded, *inter alia*, that Tamayo presented evidence of mental disability that should have been reviewed on the merits by the state courts[1] and that the state's violation of the Vienna Convention through its denial of his consular

---

[1] Specifically, the IACHR's decision stated: "[T]he [IACHR] concludes that the United States violated Articles I and XXVI of the American Declaration to the detriment of Mr. Tamayo by refusing to provide funds for an independent expert evaluation and by denying any opportunity to present evidence regarding this mental and intellectual disability and be heard on the merits of that evidence." IACHR's Decision at p. 37.

5

No. 14-70002

notification rights prejudiced Tamayo.[2]   In connection with this successive habeas petition, Tamayo filed a request for a stay of execution in light of what he believes are novel issues of law—including the amount of deference, if any, that should be given the IACHR's decision by Texas state courts.

The CCA denied both of Tamayo's subsequent writ application as abuses of the writ, holding that he failed to satisfy the dictates of Article 11.071 § 5 of the Texas Code of Criminal Procedure. *Ex parte Tamayo*, WR-55,690-05 & WR-55,690-06, at *3, 2014 Tex. Crim. App. Unpub. LEXIS 59, 62 (Tex. Crim. App. Jan. 21, 2013) (unpublished).   The CCA further refused to exercise original habeas jurisdiction with regard to his claim based on the IACHR decision.   *Id.* The CCA also denied both of Tamayo's associated motions to stay his execution. *Id.* at *4.

On January 20, 2014, Tamayo filed the instant action seeking a Rule 60(b)(6) motion to set aside the district court's prior ruling.   The district court denied the motion as not filed within a "reasonable time" as contemplated by Rule 60(b).   However, it granted a certificate of appealability to allow review by this court.

## Discussion

We first address whether the district court had jurisdiction over the Rule 60(b) motion.   If an application is a "second or successive petition" the district court cannot consider it without authorization from this court under 28 U.S.C. § 2244(b)(2).   *See* 28 U.S.C § 2244(b)(3).   A Rule 60(b) is considered "successive" if it raises a new claim or attacks the merits of the district court's disposition

---

[2] Specifically, the IACHR's decision stated:   "Given the comprehensive assistance provided by the Mexican Government to its citizens in death penalty cases in the United States, the IACHR believes that there is a reasonable probability that, had Mr. Tamayo received consular assistance at the time of his arrest, this would have had a positive impact in the development of his criminal case."   IACHR's Decision at p. 31.

of the case. *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012). A Rule 60(b) directed to a procedural ruling that barred consideration of the merits, such as a procedural default, is not considered a "successive" petition and is properly brought as a Rule 60(b) motion. *Id.* (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

We conclude that Tamayo's motion falls in the latter category and, therefore, that the district court had jurisdiction to consider it. Tamayo challenges a prior ruling of the district court that found his *Atkins* claim procedurally defaulted. Tamayo contends that this ruling is in error in light of the subsequent decision in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). In *McQuiggin*, the Court concluded that a properly supported claim of actual innocence of the crime charged could excuse the failure to comply with the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") for a first-time habeas petition. *Id.* at 1928. Tamayo contends that this ruling excuses the previously-found procedural default and untimeliness. *See Tamayo*, No. 4:03-cv-03809, at *29-30; *see also Tamayo*, No. 11-70005, at *12-13.

We turn, then, to the merits of his Rule 60(b) application. As we have repeatedly held, "the decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for an abuse of that discretion." *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010) (citation and quotation marks omitted). Even assuming *McQuiggin*'s analysis based on claims of actual innocence of the crime charged applies equally to claims based on actual innocence of the death penalty, a question we do not decide here, we have held, following Supreme Court precedent, that a "change in decisional law" does not constitute the "extraordinary circumstances" necessary to support Rule 60(b) relief. *Adams*, 679 F.3d at 319-20 ("[I]n

No. 14-70002

*Gonzalez*, the Supreme Court concluded that a change in decisional law, concerning the interpretation of AEDPA's statute of limitations, after the entry of the district court's judgment dismissing the habeas petition did not constitute 'extraordinary circumstances' under Rule 60(b)(6).").

Finally, we agree with the district court that Tamayo's claim was not brought within a "reasonable time." *See, e.g., In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). The Court's opinion in *McQuiggin* was issued on May 28, 2013, nearly 8 months ago.[3] Tamayo waited until January 20, 2014, two days before his scheduled execution, to file this motion. The district court did not abuse its discretion in concluding that this was not a "reasonable time" and in denying the motion.[4]

We nonetheless issue this opinion as quickly as possible, to allow Tamayo the ability to present his arguments for overruling or revising the above-described precedents to the Supreme Court.

AFFIRMED; IFP GRANTED; STAY DENIED.

---

[3] We note that the petition for certiorari was granted in *McQuiggin* on October 29, 2012, at a time when the petition for certiorari was pending in Tamayo's federal habeas case. *See McQuiggin v. Perkins*, 133 S. Ct. 527 (2012) (granting certiorari). Yet, the Supreme Court did not hold Tamayo's case to await the outcome in *McQuiggin*. Instead, it denied certiorari two weeks later. *See Tamayo v. Thaler*, 133 S. Ct. 608 (2012)(denying certiorari on November 13, 2012).

[4] We agree with the district court that the IACHR decision last week was not a prerequisite to the Rule 60(b) motion and, therefore, does not excuse the delay in filing this motion.

PATRICK E. HIGGINBOTHAM, Circuit Judge, concurring:

I concur but only in affirming the decision of the district court for the reasons it gave. I would affirm the district court's rejection of the Rule 60 submission as untimely. I would not reach the question of whether a claim of exemption from the death penalty—actual innocence—with its override of finality interests is only a change in decisional law that under Rule 60 is outweighed by finality interests. Tamayo was forced onto a successive petition track with its narrowed acceptance of his claim to be exempt from a death sentence by rulings later found to be in error. To foreclose access here as a first filed petition with its unchecked treatment of a claim of innocence is to these eyes passing strange. At the least we ought not do so when it is unnecessary.