# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————————————

No. 14-50245

—————————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2014

Lyle W. Cayce
Clerk

In re: RAY JASPER,

Movant

-------------------------------------------------

Consolidated with 14-70012

RAY JASPER,

Petitioner - Appellant

v.

WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent - Appellee

—————————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-735

—————————————

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50245 c/w 14-70012

Petitioner Ray Jasper is scheduled to be executed in Texas after 6 PM on Wednesday, March 19. Jasper filed a Rule 60(b)(6) motion in district court and a request for a stay of execution. The district court determined that Jasper's Rule 60(b)(6) motion constituted a second-or-successive habeas petition, and transferred Jasper's Rule 60(b)(6) motion to this court under 28 U.S.C. § 1631 to determine whether it satisfies the requirement for a successive petition under 28 U.S.C. § 2244(b). The district court denied Jasper's request for a certificate of appealability. Meanwhile, Jasper has separately appealed the district court's determination, filed a request for a certificate of appealability, and filed a request for an emergency stay of execution pending appeal.

For the reasons that follow, and due to the emergency nature of this appeal, we (1) treat the notice of appeal as a motion for authorization, and DENY authorization to file a second-or-successive habeas petition, (2) GRANT the request for a COA insofar as is necessary and AFFIRM the district court's determination that Jasper did not file his 60(b)(6) motion within a reasonable time, and (3) DENY a stay of execution.

## FACTS AND PROCEEDINGS

Petitioner Ray Jasper was convicted of robbery-related capital murder and sentenced to death in Bexar County, Texas, in January 2000. During jury selection for Jasper's criminal trial, the prosecutor exercised a preemptory strike against Vernon Galloway, a black venireman. Jasper's trial counsel raised a *Batson* claim in response to the strike, which the trial court rejected. *See Batson v. Kentucky*, 476 U.S. 79 (1986).

The Texas Court of Criminal Appeals affirmed Jasper's conviction and sentence on direct appeal in 2001. *Jasper v. State*, 61 S.W.3d 413 (Tex. Crim. App. 2001); *see also id.* at 422 (rejecting *Batson* challenge). Jasper did not file

2

No. 14-50245 c/w 14-70012

a cert petition relating to the denial of his direct appeal. Jasper then filed a state habeas petition. The Court of Criminal Appeals denied relief on Jasper's habeas petition in 2008. *Ex parte Jasper*, No. WR-68,832-01, 2008 WL 3855114 (Tex. Crim. App. Aug. 20, 2008).

Jasper next filed a federal habeas petition in the Western District of Texas in July 2009. The Western District denied habeas relief, but granted a COA on Jasper's *Batson* claim. *See Jasper v. Thaler*, 765 F. Supp. 2d 783 (W.D. Tex. 2011). The district court's order resolved Jasper's *Batson* claim on the merits, and determined that the Court of Criminal Appeal's resolution of the issue was neither contrary to, nor involved an unreasonable application of clearly established federal law, as determined by the Supreme Court. *Id.* at 821-23. The court's order, however, did emphasize that his review of the record was limited by the fact that none of the jury questionnaires, save for the one for Mr. Galloway, were in the record. *Id.* at 816 n.62. A filing from Jasper's lawyers during the federal district court habeas proceedings suggest that Jasper's federal habeas counsel (who has since been replaced) attempted to introduce the questionnaires into the record but could not find them:

> Petitioner's current writ counsel would like to inform the Court that he attempted earlier in the process to supplement the record with the questionnaires in question. Counsel obtained an order from the state trial court to unseal the questionnaires and make them available to Mr. Jasper's current counsel. However, after counsel submitted this order to the Bexar County District Clerk's Office, and the clerk in charge of such records made a search for them, counsel was informed that the questionnaires were not included in the trial record, nor saved anywhere else in the system, and apparently do not exist anymore.

Jasper's counsel, however, maintained that the record without the questionnaires provided sufficient information on which to review Jasper's *Batson* claim:

3

> Counsel would like to point out that the relevant juror questionnaire answers of the various prospective jurors at issue in this claim can be ascertained from the way they were questioned during *voir dire*, as the parties have done in their pleading and this Court has done in its opinion.
>
> Counsel believes the *Batson* issue should be decided on the basis of what is in the record rather than what is not, and believes the record is sufficient to support his claim.

On appeal, this court rejected Jasper's *Batson* claim on the merits. *See Jasper v. Thaler*, 466 F. App'x 429, 437-38 (5th Cir. 2012). This court also explained that the lack of jury questionnaires made review of the state court decision difficult, and meant that Jasper had an uphill battle in proving a *Batson* violation:

> Jasper's claim that Galloway was removed for racial reasons in violation of the Fourteenth Amendment is unpersuasive. Although he established a prima facie case, the failure to preserve the questionnaires in the record makes the comparative analysis he seeks difficult to conduct. Jasper has the burden of proving that the discrimination was purposeful. The record does not indicate why the questionnaires were not included in the trial court record, but that does not negate the fact that the burden is on the plaintiff to demonstrate that the prior findings were erroneous. There is nothing which would indicate that Jasper has met this burden, especially in light of AEDPA's demanding standards.

*Id.* at 437 (internal citations omitted). The Supreme Court denied Jasper's subsequent cert petition. 133 S. Ct. 788 (2012). The trial court then set Jasper's execution date for March 19, 2014.

In February 2014, Jasper's present habeas counsel launched another search for the questionnaires. During the first week of February, Jasper's counsel called the Bexar County District Attorney, who located copies of the juror questionnaires in his files on February 6. Unfortunately, for a variety of reasons, it took the district attorney until February 21 to actually send the

forms to Jasper's counsel.  Armed with the questionnaires, Jasper filed a subsequent habeas petition re-raising the *Batson* challenge in the Texas Court of Criminal Appeals.  Jasper argued that the subsequent habeas petition was justified by the change in *Batson* law created by *Miller-El v. Dretke*, 545 U.S. 231 (2005), which was handed down subsequent to Jasper's state habeas petition's filing, and required comparative analysis between jurors that was only possible with the questionnaires.  On March 10, in a brief opinion, the Texas Court of Criminal Appeals dismissed Jasper's second habeas petition as an abuse of the writ.  The Court of Criminal Appeals also denied Jasper's request for a stay.

Jasper then filed a Rule 60(b)(6) motion in district court.  Jasper's 60(b) motion alleged that the previous federal proceedings were defective because (1) they were conducted without the aid of the now-found jury questionnaires, and (2) the district court did not follow the dictates of 28 U.S.C. § 2254(f), and order the state to produce the questionnaires and/or lower the presumption of correctness applied to the state court's factual findings.  Jasper also filed a request for a stay.

The district court determined that (1) Jasper's 60(b)(6) motion was not filed within a reasonable time as required for Federal Rule of Civil Procedure 60(c)(1), (2) Jasper could not demonstrate exceptional circumstances sufficient to justify a 60(b)(6) motion, and (3) Jasper's 60(b)(6) motion constituted a second-or-successive habeas petition under the test set out by the Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524 (2005).  Because the district court determined that Jasper's 60(b) motion constituted a second-or-successive habeas petition, it transferred Jasper's 60(b) motion to this court for a determination of whether Jasper can meet the requirements for a second-or-successive petition under 28 U.S.C. § 2244(b).  The district court,

No. 14-50245 c/w 14-70012

having determined that Jasper is unlikely to succeed on the merits of his motion, also denied Jasper's request for a stay of execution.

## STANDARD OF REVIEW

We review a district court's determination as to whether a Rule 60(b) constitutes a second-or-successive habeas petition de novo. *See Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009).

In reviewing the district court's determinations to grant or deny relief under 60(b), we will reverse only for an abuse of discretion. *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Hesling v. CSX Trans., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).

Finally, we review the district court's decision to deny a stay for an abuse of discretion. *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013). In determining whether to issue a stay of execution pending appeal, we consider (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. *Id.* The party requesting a stay has the burden of showing that the circumstances justify an exercise of judicial discretion. *Id.*

## DISCUSSION

Jasper's Rule 60(b)(6) motion alleges two separate defects in his prior federal habeas proceeding. First, Jasper argues that the original habeas proceedings were defective because the record did not include jury questionnaires that were recently uncovered that substantiate his claimed

*Batson* violation.  Second, Jasper argues that the original habeas proceedings were defective because the district court failed to apply 28 U.S.C. § 2254(f) to order the state to produce the missing records and/or lessen the presumption of correctness given to the state court findings of fact.  We will treat each proposed defect as a separate proposed justification for the 60(b) motion.

## I.    Whether Jasper's Petition is a Second-or-Successive Habeas Petition

We must first address whether Jasper's alleged defects in the prior habeas proceedings constitute "claims," and therefore second-or-successive habeas petitions.

### A) Analysis

In order to prevent conflicts between the strict limitations in AEDPA on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise.  *See, e.g.*, *Gonzalez*, 545 U.S. at 531-32.  Under *Gonzalez*, a federal court examining a Rule 60(b) motion should determine whether it presents either (1) a new habeas claim—defined as "an asserted federal basis for relief from a state court's judgment of conviction," *id*. at 530, or (2) "attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled  to habeas relief,"  *id*. at 532 (footnote omitted).  If either is true, then the Rule 60(b) motion should be treated as a second-or-successive habeas petition, and  subjected to AEDPA's limitation on such petitions.  *See* 28 U.S.C. § 2242(b).

By contrast, "[t]o open the Rule 60(b) door . . . there must be a showing of a non-merits-based defect in the district court's earlier decision on the federal habeas petition." *Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010). Accordingly, if the Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the motion does not need to be treated as a second-or-successive petition. *Gonzalez*, 545 U.S. at 532. *Gonzalez* further clarifies that an on the merits resolution is where a federal court makes "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)," and does not encompass the situation where a petitioner alleges "that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n.4.

We believe that insofar as Jasper's Rule 60(b) motion argues that the previous decision should be vacated so that Jasper can re-argue his habeas challenge with the missing questionnaires, his Rule 60(b) motion constitutes a second-or-successive petition.

First, both the Supreme Court and the federal courts of appeal have repeatedly noted that 60(b) motions raising additional facts for consideration constitute claims, and therefore should be evaluated as second-or-successive habeas petitions. *See, e.g.*, *id.* at 531-32. As the First Circuit has noted, a motion that "asks the district court for an opportunity to offer facts that (in the petitioner's view) will prove that his conviction was constitutionally infirm," raises "a paradigmatic habeas claim." *Rodwell v. Pepe*, 324 F.3d 66, 71-72 (1st Cir. 2003).

Second, "an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings,

but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5 (internal citations omitted).  For example, a habeas petitioner cannot use a 60(b) motion to obtain relief when habeas counsel mishandles designating a record on appeal.  *See, e.g., Gray v. Mullin*, 171 F. App'x 741, 744 (10th Cir. 2006).  Though, to be sure, there is plenty of blame to go around regarding how the jury questionnaires did not end up in the record—they should not have been lost—records of the voir dire indicate that the defense counsel, whose actions, absent abandonment, are ascribed to Jasper, *see, e.g., Maples v. Thomas*, 132 S. Ct. 912, 922 (2012), had a copy of the jury questionnaires and failed to designate them as part of the record on direct appeal, *see Jasper*, 765 F. Supp. 2d at 803.  We perceive no error in the district court's repeated determinations that Jasper's counsel, and therefore, Jasper, are primarily responsible for the questionnaires not being in the record.[1]  Jasper cannot rely on their absence to argue that the habeas proceedings were defective.

## B) Implications

We now address whether Jasper meets the requirements for a second-or-successive habeas petition.  We conclude he does not. Jasper "brings the same . . . claim[] in his successive habeas petition as he did in his initial federal habeas petition," and accordingly Jasper's "petition is barred under 28 U.S.C. § 2244(b)(1)." *Adams v. Thaler*, 679 F.3d 312, 323 (5th Cir. 2012).  We therefore deny Jasper permission to file a second-or-successive habeas petition on the basis of the found questionnaires.

---

[1] Though Jasper's brief now attempts to shift blame onto the court for not halting habeas proceedings when "the resolution of the issue presented by Mr. Jasper could not be undertaken with the necessary degree of confidence without the juror questionnaires," his belated raising of the issue is not well taken given that Jasper's own counsel at the time was urging the courts to decide the issue.  *See supra.*

## II.    Federal Rule of Civil Procedure 60(c)(1) Bars Relief

Even assuming Jasper's Rule 60(b) motion alleging a 28 U.S.C. § 2254(f) error is a "true" Rule 60(b) motion, the district court committed no error in determining that Jasper did not file his Rule 60(b)(6) motion on a timely basis.

Rule 60 requires that any "motion under Rule 60(b) must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), "unless good cause can be shown for the delay." *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004).  What constitutes "good cause" for a reasonable delay "must necessarily be evaluated on a case-by-case basis."  *Id.* "The timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992).  Once a party has grounds to make a Rule 60(b) motion, however, they must bring the motion reasonably promptly, though "the determination of reasonableness is less than a scientific exercise." *Id.* at 121.

Here, any error, if any, related to 28 U.S.C. § 2254(f) in the habeas proceedings occurred—and was obvious—in 2011 and 2012 when the district court and this court denied Jasper's habeas petition. Jasper should have appealed the error at that point on direct appeal, and we believe that the district court's determination that Jasper's motion was untimely did not constitute an error—let alone an abuse of discretion. *See Tamayo*, 740 F.3d at 991; *see also id.* (Higginbotham, J., concurring) ("I would affirm the district court's rejection of the Rule 60 submission as untimely.").  "[E]ven if the trial court had applied an incorrect legal standard . . . the proper way to challenge its ruling in the court of appeals is by appeal of its ruling, not by appeal of a denial of a Rule 60(b) motion." *Gary W. v. Louisiana*, 622 F.2d 804, 805 (5th

Cir. 1980).  "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless."  *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985).[2]

### III.    Whether Jasper's Execution Should Be Stayed

Because we conclude that Jasper's Rule 60(b) motion is either a second-or-successive habeas petition, or untimely under Federal Rule of Civil Procedure 60(c)(1), we believe he cannot succeed on his claims for relief. Accordingly, we agree with the district court that Jasper has not demonstrated his entitlement to a stay. *See, e.g.*, *Nken v. Holder*, 556 U.S. 418, 434 (2009) ("It is not enough that the chance of success on the merits be better than negligible." (internal quotation marks omitted)); *Diaz*, 731 F.3d 370, 379 (5th Cir. 2013).  We therefore DENY his request for a stay.

### CONCLUSION

We DENY Jasper permission to file a second-or-successive habeas petition on the basis of the missing questionnaires, AFFIRM the district court's determination that the Rule 60(b) motion was not timely under Federal Rule of Civil Procedure 60(c)(1), and DENY his request for a stay.

---

[2] We also note, without deciding, that Jasper cannot likely demonstrate the required exceptional circumstances for the same reason. *See, e.g.*, *Ackermann v. United States*, 340 U.S. 193, 197-98 (1950).

No. 14-50245 c/w 14-70012

JAMES L. DENNIS, Circuit Judge, concurring in the judgment:

I concur in the majority's judgment that petitioner-appellant Ray Jasper, who is scheduled to be executed by the State of Texas later today, March 19, 2014, is not entitled under the law to relief from this court. I do not, however, join the majority in all of its reasons.

In July 2009, Jasper filed a federal habeas corpus petition in the district court attacking his Texas conviction and death sentence. Among other claims, he contended that, during the jury selection process that preceded his trial, the state's prosecutors discriminatorily exercised peremptory strikes to eliminate the only prospective jurors in the pool who, like Jasper, were black. In particular, Jasper's claim focused on the prosecutor's peremptory strike of Vernon Galloway, a black man who, when questioned during *voir dire*, expressed some hesitancy about imposing the death penalty but ultimately concluded that he could impose death if the evidence showed it to be appropriate. The prosecutor's strike of Galloway, Jasper claimed, was based on his race and was therefore unconstitutional under *Batson v. Kentucky*, 476 U.S. 79 (1986).

When Jasper first brought his *Batson* claim to the district court, he did so on a limited record. In the state court, prospective jurors in the pool were required to fill out questionnaires reflecting their views on the death penalty, the courts, the criminal justice system, and a number of other issues. Then, during *voir dire*, the judge and the attorneys questioned the prospective jurors on their questionnaire answers. Jasper's counsel, however, did not preserve the questionnaires, and thus, they were not made part of the district court's habeas corpus record. Accordingly, the ability of the district court to review the jury selection process for race discrimination was constrained. *See Jasper v. Thaler*, 765 F. Supp. 2d 783, 816 n.62 (W.D. Tex. 2011). The

No. 14-50245 c/w 14-70012

district court denied the *Batson* claim.  *Id.* at 878.  On appeal, we affirmed. *Jasper v. Thaler,* 466 F. App'x 429, 442 (5th Cir. 2012) (*per curiam*).  We, like the district court, noted that our review was constrained by the lack of questionnaires.  *See id.* at 437.

After Jasper's *Batson* claim failed, the state set the March 19 execution date.  Jasper obtained a new attorney to represent him.  And, with the execution date around the corner, Jasper's new attorney received the jury questionnaires that his earlier counsel had failed to preserve.  Jasper now contends that the questionnaires reveal that his *Batson* claim is meritorious, and thus, should be reexamined in light of the questionnaires.  On March 11, about a week before the scheduled execution, he filed a motion in the district court under Federal Rule of Civil Procedure 60(b)(6), asking the court to vacate its prior judgment denying his *Batson* claim so that he could have the opportunity to amend the claim and have it decided anew, in light of the questionnaires.[1]  He argued that the absence of the questionnaires in the habeas corpus record when the district court decided the *Batson* claim was a "defect in the integrity of the federal habeas proceedings."  *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).  On March 18, one day before the scheduled execution, the district court, working with admirable expeditiousness, denied the Rule 60(b)(6) motion, citing a number of procedural flaws in Jasper's petition and concluding that Jasper's *Batson* claim was not as strong as Jasper contended.  Jasper appealed, bringing the case, once again, before us.

---

[1] Under Rule 60(b)(6), a federal court, "[o]n motion and just terms," "may relieve a party or its legal representative from a final judgment, order, or proceeding" for several enumerated reasons, including mistake, newly discovered evidence, fraud, and others. Under subsection (b)(6), the court may do the same for "any other reason that justifies relief."

No. 14-50245 c/w 14-70012

Having studied the jury questionnaires and the *voir dire* transcript, I do not believe that the *Batson* claim, as raised in the context of federal habeas corpus, has sufficient merit to succeed. Jasper contends that, Galloway and a number of the non-black jurors all indicated on their questionnaires that they had some doubts about the death penalty or hesitancy towards imposing it. Thus, Jasper concludes, the fact that it was only Galloway, and not the non-black jurors, who the prosecutor struck indicates that the prosecutor did not truly eliminate Galloway from the jury for his views on the death penalty, as the prosecutor claimed, but rather for his race. The claim has intuitive logic. However, as Jasper concedes, Galloway answered nine of the questionnaire's questions in a manner that the prosecutor found troubling for the state's case for death, and none of the non-black jurors answered so many. The non-black jurors who, during *voir dire*, expressed similar or greater levels of discomfort with imposing death as Galloway all answered appreciably fewer "anti-death-penalty" questions on their questionnaires as did Galloway. When the prosecutor explained his reasons for striking Galloway, the prosecutor pointed to those nine answers.

Under the high standard of review on habeas corpus, I cannot conclude that the Texas state courts were unreasonable in failing to find that the prosecutor's explanation was pretext for race discrimination. *See* 28 U.S.C. § 2254(d)(1) (federal habeas corpus court will overturn state court's resolution of a claim only if it was "contrary to, or involved an unreasonable application of, clearly established Federal law"). Because I do not think the *Batson* claim has ultimate merit on habeas corpus, I do not think there are "extraordinary circumstances" here warranting relief for Jasper under Rule 60(b)(6). *See Gonzalez*, 545 U.S. at 535 (Rule 60(b) motions may be granted only in "extraordinary circumstances").

No. 14-50245 c/w 14-70012

I would deny Jasper's motions for lack of "extraordinary circumstances" and I would not reach, as the majority has reached, the other procedural issues presented. Because of the extremely expedited manner in which this appeal has been decided, this court has not had adequate time to grapple with these complex questions of law.[2]

Having said that, I respectfully concur in the judgment.

---

[2] I find one part of the majority's reasoning particularly problematic. The majority cites *Rodwell v. Pepe*, 324 F.3d 66 (1st Cir. 2003) (also cited in *Gonzalez*, 545 U.S. at 531) and says, "60(b) motions raising additional facts for consideration . . . should be evaluated as second-or-successive habeas petitions." *Ante*, at 8. Unfortunately, the majority's broad reference to "additional facts" fails to address any potential distinction between additional *evidence*, such as, say, when the Rule 60(b) movant presents the court with a newly-procured affidavit from an expert witness, and *court documents*, such as, say, when the Rule 60(b) movant presents a portion of the trial transcript that was previously lost due to technical error and has now been recovered. It seems doubtful that we would treat the latter case no differently than the former and, in both cases, fault the movant for bringing us "additional facts" and conclude that his Rule 60(b) motion is truly a successive habeas petition in disguise. Here, the "additional facts" are jury questionnaires, which, arguably, should fall into the latter category rather than the former. When an appropriate case presents itself, the court should give this issue more consideration than this extremely expedited appeal allowed.

15