FILED
United States Court of Appeals
Tenth Circuit

November 16, 2015

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAURA ANJENNETTE WETZEL-SANDERS,

Defendant - Appellant.

No. 14-3254

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. Nos. 5:14-CV-04104-SAC and 5:04-CR-40156-SAC-1)**

Daniel T. Hansmeier, Appellate Chief, Kansas Federal Public Defender (Melody Brannon Evans, Federal Public Defender, and Kirk C. Redmond, First Assistant Federal Public Defender, on the briefs), Kansas City, Kansas, for Defendant - Appellant.

James A. Brown, Assistant United States Attorney (and Barry R. Grissom, United States Attorney, on the brief), Topeka, Kansas, for Plaintiff - Appellee.

Before **KELLY**, **SEYMOUR**, and **MATHESON**, Circuit Judges.

**KELLY**, Circuit Judge.

Defendant-Appellant Laura Wetzel-Sanders appeals from the district

court's denial of a joint motion by the parties to vacate her sentence, 28 U.S.C. § 2255. United States v. Wetzel-Sanders, No. 04–40156–SAC, 2014 WL 5502407 (D. Kan. Oct. 30, 2014). The district court denied the motion, but granted a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(B). Because we lack jurisdiction as did the district court, we conclude that the COA was improvidently granted, dismiss the appeal, and vacate the district court's order.

Background

In July 2005, Ms. Wetzel-Sanders pled guilty to one count of bank robbery. 18 U.S.C. § 2113(a). For purposes of sentencing, she was deemed a career offender, U.S.S.G. § 4B1.1(a), based upon a 2000 Kansas state conviction for criminal threat (for which she received a seven-month sentence) and a 2002 federal conviction for bank robbery (for which she received an 18-month sentence). 2 R. 9, 17, 18; United States v. Wetzel-Sanders, No. 04–40156–SAC, 2005 WL 2464572, at *2 (D. Kan. Sept. 28, 2005) (overruling objections to PSR and noting that her "criminal history is marked by violence for which she has earned the status of career offender"); United States v. Wetzel-Sanders, No. 02–40059–02–RDR, 2002 WL 31987397 (D. Kan. Dec. 23, 2002) (discussing 2002 conviction and substantial assistance downward departure).

Given her second conviction for bank robbery, Ms. Wetzel-Sanders received a 151-month federal sentence followed by three years' supervised

release. 1 R. 41-42. She did not file a direct appeal, but filed two unsuccessful motions seeking relief under § 2255. One was based upon her deteriorating mental condition; the motion was dismissed as untimely and outside the scope of the court's jurisdiction. United States v. Wetzel-Sanders, No. 04–40156–01–SAC, 2010 WL 126159, at *2 (D. Kan. Jan. 12, 2010). The other was based on claims of ineffective assistance of counsel; the district court deemed the motion successive, filed without authorization, and dismissed it for lack of jurisdiction. United States v. Wetzel-Sanders, Civ. No. 13–4034–SAC, Crim. No. 04–40156–01–SAC, 2013 WL 1447823, at *2 (Apr. 9, 2013). Ms. Wetzel-Sanders then sought authorization to file a second or successive § 2255 motion which we denied. In re: Sanders, No. 13-3123 (10th Cir. June 6, 2013). She filed for a second time, with the same outcome. In re: Sanders, No. 13-3196 (10th Cir. Aug. 8, 2013).

We think it is a stretch to argue that this motion is not second or successive either because the district court concluded it lacked jurisdiction to grant relief, or that the present motion is really an initial motion because the government joined it. A second or successive motion attacks the judgment of conviction or sentence when a prior motion has already done so, albeit on different grounds. It is the relief sought, not the dispostion that matters. Cf. United States v. Nelson, 465 F.3d 1145, 1148-49 (10th Cir. 2006). Moreover, § 2255 applies to motions brought by a "prisoner," so the government joining the motion is of no moment

for this analysis. Moreover, Congress was surely aware that defendants might wish to raise subsequent claims based upon changes in the applicable law, and narrowly circumscribed the allowable claims through § 2255(h). See Prost v. Anderson, 636 F.3d 578, 585-86 (10th Cir. 2011).

On October 21, 2013, the parties filed the instant motion on the grounds that Ms. Wetzel-Sanders was sentenced on materially incorrect information. Succinctly stated, Ms. Wetzel-Sanders contends that after our decision in United States v. Brooks, 751 F.3d 1204 (10th Cir. 2014), her state criminal threat conviction does not qualify as a predicate offense for purposes of applying the career-offender guideline. 1 R. 84. This is so because the conviction did not result in a sentence of imprisonment exceeding one year. Id. The parties pointed out that had the career offender enhancement not applied, Ms. Wetzel-Sanders would have been subject to a guideline range of 70-87 months rather than 151-188 months. Id. at 82-83. The district court was not persuaded that Brooks applied, a decision that both parties contend is wrong. Aplt. Br. at 7-8; Aplee. Br. at 10-11.

The joint motion stated that the government waived any procedural hurdles that might apply to § 2255 relief. 1 R. 85 n.13. On appeal, the government has second thoughts. It now argues that the district court lacked jurisdiction because the joint motion was a successive motion filed without the authorization required by § 2255(h). The government further argues that Ms. Wetzel-Sanders' claim is not cognizable in a § 2255 action because it involves non-constitutional

- 4 -

sentencing error and urges us to follow (for its persuasive value) United States v. Trinkle, 509 F. App'x 700 (10th Cir. 2013). In Trinkle, a panel of this court determined that a similar challenge related to interpretation of the guidelines and could not be the basis for a constitutional claim as required for a COA. Id. at 702.

## Discussion

We agree with the government that this appeal must be dismissed for lack of jurisdiction and that the district court lacked jurisdiction to decide the merits of what is Ms. Wetzel-Sanders' third § 2255 motion. A successive § 2255 motion requires certification from the court of appeals that the motion is based upon:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C § 2255(h)(1) & (2); § 2244(b)(3)(A). Absent such certification, the district court lacks subject matter jurisdiction to decide the merits of such a motion and grant a COA. In re Cline, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (citing United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006)); see also United States v. Washington, 653 F.3d 1057, 1065 (9th Cir. 2011). Although the

district court could have transferred the matter to this court, or dismissed it for lack of jurisdiction, it should not have decided the motion. In re Cline, 531 F.3d at 1251-1252. Thus, we will vacate the district court's order.

Although Ms. Wetzel-Sanders argues that the government waived its arguments concerning a "second and successive" motion, the parties cannot waive the district court's subject matter jurisdiction. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); Henry v. Office of Thrift Supervision, 43 F.3d 507, 511-12 (10th Cir. 1994). The parties cannot avoid the jurisdictional bar of the certification requirement. See Gray v. Mullin, 171 F. App'x 741, 745 n.1 (10th Cir. 2006) (cited for its persuasive value). Even were this court to construe Ms. Wetzel-Sanders appeal as seeking authorization to file a second or successive § 2255 motion, she could not meet the requirements. There is no "newly discovered evidence" and the 2014 decision in Brooks is not: (1) a new rule of constitutional law (it is an interpretation of the guidelines), (2) made retroactive by the Supreme Court (it was a direct appeal decided by the Tenth Circuit).

APPEAL DISMISSED. We VACATE the district court's order on the merits.