JERRY E. SMITH, Circuit Judge:
*883 Charles Raby, a death row inmate, seeks a certificate of appealability ("COA") to challenge the denial of his Federal Rule of Civil Procedure 60(b)(6) motion. Finding no extraordinary circumstances warranting Rule 60(b)(6) relief, we decline the request.
I.
In 1994, Raby was convicted and sentenced to death for capital murder. The Texas Court of Criminal Appeals upheld his conviction on direct appeal and denied his application for state habeas corpus relief. Raby filed a federal habeas petition, claiming, inter alia , that his attorney rendered ineffective assistance of counsel ("IAC") at the punishment phase by failing to present mitigating evidence and by calling the notorious state expert Walter Quijano, who prejudicially labeled Raby "a psychopath." The district court denied the petition, given Raby's failure to exhaust state remedies. This court rejected Raby's request for a COA because his claims were both procedurally foreclosed and without merit. Raby v. Dretke , 78 F. App'x 324, 328 (5th Cir. 2003).
After exhausting further attempts at state habeas review, Raby filed a Rule 60(b)(6) motion for relief from judgment. The district court denied the motion, holding that there were no extraordinary circumstances justifying relief. Raby now seeks a COA to challenge that ruling.[1]
II.
"Before an appeal may be entertained," a habeas petitioner "must first seek and obtain a COA" as a "jurisdictional prerequisite." Miller-El v. Cockrell , 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To receive a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He satisfies that standard by "demonstrat[ing] that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." Hernandez v. Johnson , 213 F.3d 243, 248 (5th Cir. 2000) (citation omitted). The court limits its examination at the COA stage "to a threshold inquiry into the underlying merit of [the] claims."[2]
Raby contends that the district court erroneously denied his Rule 60(b)(6) motion to reopen its judgment as to whether his IAC claims had been procedurally foreclosed. We have jurisdiction to consider that ruling because the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."[3] Because we review a Rule 60(b)(6) ruling for abuse of discretion, "the COA question is ... whether a reasonable jurist could conclude that the *884 District Court abused its discretion in declining to reopen the judgment." Buck , 137 S.Ct. at 777. Though a court may reopen judgment for "any other reason that justifies relief," FED. R. CIV. P. 60(b)(6), it will do so only on a showing of "extraordinary circumstances," which "rarely occur in the habeas context." Gonzalez , 545 U.S. at 535, 125 S.Ct. 2641. Raby claims his circumstances are extraordinary for two reasons-neither of which is convincing.
A.
Raby asserts that he is entitled to Rule 60(b)(6) relief as a result of an intervening change in decisional law since the district court's previous ruling. In 2002, the district court determined that Raby's IAC claims were procedurally foreclosed under Coleman v. Thompson , 501 U.S. 722, 729-30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), because he had failed to raise them in the state habeas proceedings. But the Court has since recognized a "narrow exception" to Coleman . Diaz v. Stephens , 731 F.3d 370, 375 (5th Cir. 2013) (citation omitted). As established in Martinez v. Ryan , 566 U.S. 1, 14, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and Trevino v. Thaler , 569 U.S. 413, 428, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), "a claim of ineffective assistance of trial counsel defaulted in a Texas post-conviction proceeding may be reviewed in federal court if state habeas counsel was constitutionally ineffective in failing to raise it, and the claim has 'some merit.' " Buck , 137 S.Ct. at 779-80 (citations omitted). Raby maintains that the exception applies here and that such a "significant change" in decisional law constitutes an "extraordinary circumstance" under Rule 60(b)(6).
Even if Raby's claims were not procedurally defaulted under Martinez and Trevino , he is ineligible for Rule 60(b)(6) relief. A "change in decisional law after entry of judgment does not constitute [extraordinary] circumstances and is not alone grounds for relief from a final judgment."[4] Hence, the district court correctly determined that the change in decisional law effected by Martinez and Trevino , without more, did not amount to an extraordinary circumstance.
B.
Raby posits that the facts of his IAC claims are extraordinary. Not only did his trial attorney allegedly fail to present mitigating evidence, but he also called Quijano, who described Raby as "a psychopath" prone to future violence. Raby invokes Buck as an analogous case. There, the Court considered an IAC claim involving defense counsel's decision to present Quijano, who testified that the defendant's race contributed to his future dangerousness. Id. at 769. Noting that the "law punishes people for what they do, not who they are," the Court held that such prejudicial testimony was an extraordinary circumstance in that it discriminated against the defendant's race-an "immutable characteristic." Id. at 778. Raby avers that, much like race, a personality disorder is an "immutable characteristic." He thus maintains that Quijano's statements calling him a "psychopath" constitute an extraordinary circumstance.
Buck is inapplicable. Unlike the instant case, the claim in Buck entailed racial discrimination, "odious in all aspects" and "especially pernicious in the administration of justice." Buck , 137 S.Ct. at 778 (citation omitted). Such discrimination "injures not just the defendant, but 'the law as an institution, ... the community at large, *885 and ... the democratic ideal reflected in the processes of our courts.' " Id. (citation omitted). Additionally, the Texas Attorney General in Buck took the "remarkable step[ ]" of admitting error in similar cases, but not in Buck's. Id. at 778-79. No such extraordinary circumstances exist here. Raby neither alleges racial discrimination nor demonstrates how his claims "give rise to the sort of pernicious injury that affects communities at large."[5]
Raby yet maintains that the district court erred in failing to consider the equitable factors relevant to a Rule 60(b) analysis:
(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.
Seven Elves, Inc. v. Eskenazi , 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (citation omitted). This court has never explicitly held that the Seven Elves factors bear on the "extraordinary circumstances" inquiry under Rule 60(b)(6). Haynes , 733 F. App'x at 769. Where we have consulted those factors, however, we have cautioned that "in the context of habeas law, comity and federalism elevate the concerns of finality, rendering the 60(b)(6) bar even more daunting." Id. (quoting Diaz , 731 F.3d at 376 n.1 ).
Raby insists that equity weighs in his favor because no court has considered the merits of his defaulted IAC claims. Not so: This court found his claims to lack merit when it rejected his request for a COA in 2003.[6] Finally, Raby posits that his diligence in attempting to raise those claims constitutes an extraordinary circumstance. But persistence alone does not warrant relief from judgment.[7]
Because there are no extraordinary circumstances meriting Rule 60(b)(6) relief, Raby's application for a COA is DENIED.

The state counters that the Rule 60(b)(6) motion is untimely under Rule 60(c) and that his habeas petition is time-barred under 28 U.S.C. § 2244(d)(1)(A). We do not address those arguments because we rely on other grounds.

Rhoades v. Davis , 852 F.3d 422, 427 (5th Cir. 2017) (citing Buck v. Davis , --- U.S. ----, 137 S.Ct. 759, 773, 197 L.Ed.2d 1 (2017) ).

Gonzalez v. Crosby , 545 U.S. 524, 532, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). See also Gilkers v. Vannoy , 904 F.3d 336, 344 (5th Cir. 2018) (finding jurisdiction to consider a Rule 60(b) motion that "attacks a procedural ruling which precluded a merits determination").

Adams v. Thaler , 679 F.3d 312, 319 (5th Cir. 2012) (citation omitted) (quoting Bailey v. Ryan Stevedoring Co., 894 F.2d 157, 160 (5th Cir. 1990) ). See also Haynes v. Davis , 733 F. App'x 766, 768 (5th Cir. 2018) ; Diaz , 731 F.3d at 375-76.

Lambrix v. Sec'y, Fla. Dep't of Corr. , 851 F.3d 1158, 1172 (11th Cir.), cert. denied , --- U.S. ----, 138 S.Ct. 217, 199 L.Ed.2d 142 (2017). See also Miller v. Mays , 879 F.3d 691, 702 (6th Cir. 2018) (noting that Buck "focused on the injection of race into the sentencing determination"), petition for cert. filed (Aug. 13, 2018) (No. 18-5597); Davis v. Kelley , 855 F.3d 833, 836 (8th Cir. 2017) (per curiam) (same).

See Raby , 78 F. App'x at 327-29 ("[E]ven assuming that the procedural default could be excused, we should not grant a COA based on the substance of the [IAC] claim ....").

See Diaz , 731 F.3d at 377 (denying Rule 60(b)(6) motion despite diligence in presenting IAC claims).