Cite as: 588 U. S. ____ (2019)          1

# SUPREME COURT OF THE UNITED STATES

_____

No. 19–5755 (19A237)

_____

## BILLY JACK CRUTSINGER _v._ LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

ON APPLICATION FOR STAY AND PETITION FOR A WRIT OF
CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR
THE FIFTH CIRCUIT

[September 4, 2019]

The application for stay of execution of sentence of death presented to JUSTICE ALITO and by him referred to the Court is denied. The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR respecting the denial of certiorari.

Petitioner Billy Jack Crutsinger seeks to reopen his petition for habeas corpus under Federal Rule of Civil Procedure 60(b)(6). This Rule requires that the movant "show 'extraordinary circumstances' justifying the reopening of a final judgment." _Gonzalez_ v. _Crosby_, 54.5 U. S. 524, 535 (2005) (quoting _Ackermann_ v. _United States_, 340 U. S. 193, 199 (1950)). The District Court denied Crutsinger's Rule 60(b) motion and the Court of Appeals for the Fifth Circuit denied a certificate of appealability. See — F. 3d —, 2019 WL 4010718 (Aug. 26, 2019); 28 U. S. C. §2253(c). Because I agree that Crutsinger has not made the requisite showings for relief, I concur in the denial of certiorari.

I write separately to note potential tension between this Court's decision in _Gonzalez_ and the Fifth Circuit's approach to Rule 60(b)(6). _Gonzalez_ left open the possibility that in an appropriate case, a change in decisional law, alone, may supply an extraordinary circumstance justifying

Rule 60(b)(6) relief. Although this Court observed that "not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final," the Court also noted that "[a] change in the interpretation of a *substantive* statute may have consequences for cases that have already reached final judgment, particularly in the criminal context." 545 U. S., at 536, and n. 9.

Several Circuits recognize that a change in decisional law, by itself, may justify Rule 60(b)(6) relief. See, *e.g., Cox* v. *Horn*, 757 F. 3d 113, 121 (CA3 2014) ("[W]e have not foreclosed the possibility that a change in controlling precedent, even standing alone, might give reason for 60(b)(6) relief"); *Ramirez* v. *United States*, 799 F. 3d 845, 850 (CA7 2015) (endorsing the Third Circuit's approach).

Others, including the Fifth Circuit, appear to have announced a contrary, categorical rule: "A 'change in decisional law after entry of judgment does not constitute extraordinary circumstances and is not alone grounds for relief from a final judgment.'" *Raby* v. *Davis*, 907 F. 3d 880, 884 (CA5 2018) (quoting *Adams* v. *Thaler*, 679 F. 3d 312, 319 (CA5 2012)) (alterations omitted); see also, *e.g., Zagorski* v. *Mays*, 907 F. 3d 901, 905 (CA6 2018) ("[W]e have determined that changes in decisional law alone do not establish grounds for Rule 60(b)(6) relief"); *Moses* v. *Joyner*, 815 F. 3d 163, 168 (CA4 2016) ("We too have held that 'a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)'" (quoting *Dowell* v. *State Farm Fire & Cas. Auto. Ins. Co.*, 993 F. 2d 46, 48 (CA4 1993))).

The lower courts' decisions in Crutsinger's case did not pivot on a categorical rule. In other circumstances, however, such a rule may be dispositive, see *Adams*, 679 F. 3d, at 318–320, and may cause friction with *Gonzalez*. In an appropriate case, this issue could warrant the Court's review.