**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENTBERRY, INC., a Delaware corporation; DELANEY WYSINGLE, an individual, | No. 19-35308 |
| Plaintiffs-Appellants, | D.C. No. 2:18-cv-00743-RAJ |
| v. | ORDER[*] |
| CITY OF SEATTLE, a Washington municipal corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submission Deferred March 4, 2020[**]
Submitted July 29, 2020
Seattle, Washington

Before: IKUTA, R. NELSON, and HUNSAKER, Circuit Judges.

After reviewing the parties' supplemental briefing on mootness, we conclude this case is moot.

---

[*]    This order is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

First, Appellants have not met their burden of showing a "reasonable expectation" that Seattle will enact a same or similar ordinance in the future. *See Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc). Neither the language of the repeal ordinance nor Appellee's efforts to gather data on the impact of rent-bidding platforms are sufficient to overcome the presumption that "the government is acting in good faith" when it voluntarily ceases challenged activity. *See Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010).

Second, while "[a] live claim for nominal damages will prevent dismissal for mootness," *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002), Appellants' last-minute request for nominal damages is not live because it was not raised before the district court. Their inclusion of a catch-all request for "such additional relief as may be just and proper" in the complaint does not allow Appellants to now attempt to "wrest a claim for nominal damages from [this] general prayer for relief for the first time on appeal." *Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1213–14 (9th Cir. 2018) (quoting *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 869 (9th Cir. 2017)).

Because there is no "change in the legal framework governing the case" and Appellants do not have a "residual claim . . . that was understandably not asserted previously," *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct.

1525, 1526 (2020) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 482–483 (1990)), we vacate the district court's judgment and remand with an instruction to dismiss this case as moot.

**VACATED AND REMANDED.**