21-860-cv
Flowers v. Conn. Light & Power Co.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-one.

PRESENT:
        AMALYA L. KEARSE,
        RAYMOND J. LOHIER, JR.,
        MICHAEL H. PARK,
                *Circuit Judges.*

_____

PATRICIA A. FLOWERS,

                *Plaintiff-Appellant*,

        v.                                                                No. 21-860-cv

CONNECTICUT LIGHT & POWER CO., AKA
NORTHEAST UTILITIES, AKA EVERSOURCE
ENERGY,

                *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:                    Patricia A. Flowers, *pro se*, West Hartford, CT

FOR DEFENDANT-APPELLEE:                     Honor Southard Heath, Esq., Eversource Energy, Berlin, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Patricia A. Flowers, proceeding pro se, appeals from a final judgment of the United States District Court for the District of Connecticut (Bryant, J.) dismissing her complaint against Connecticut Light & Power Company ("CL&P") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that her claims were barred by res judicata, and also denying her motion to amend the complaint.   Flowers's complaint sought equitable relief from a prior adverse decision of the District Court entered in 2017, Flowers v. Conn. Light & Power Co., No. 15-cv-534, 2017 WL 11552984 (D. Conn. Sept. 29,

2017), aff'd, 774 F. App'x 33 (2d Cir. 2019) ("Flowers I"), cert. denied, 140 S. Ct. 521 (2019), which had granted summary judgment in favor of CL&P on Flowers's claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.[1]  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

**I.    Res Judicata**

Our review of a district court's application of res judicata is de novo. Brown Media Corp. v. K&L Gates, LLP, 854 F.3d 150, 157 (2d Cir. 2017). "Generally res judicata is an affirmative defense to be pleaded in the defendant's answer."  Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992) (citing Fed. R. Civ. P. 8(c)).  "However, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6)

---

[1] Although the District Court did not specifically mention Flowers's 42 U.S.C. § 1981 claim in its decision in Flowers I, it granted summary judgment "as to all claims."  Flowers, 2021 WL 880043, at *15.  In this Court's summary order affirming the District Court's 2017 judgment, we described the District Court's decision as granting summary judgment dismissing both the § 1981 and the Title VII claims.  See Flowers, 774 F. App'x at 35.

motion without requiring an answer."  Id.; see also Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000).  For a defendant to prevail on an affirmative defense of res judicata, the record must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000).  As the records in this case and Flowers I show, all three requirements were satisfied here.

First, Flowers I was adjudicated on the merits.  An order granting summary judgment constitutes an adjudication on the merits for the purposes of res judicata.  See Weston Funding Corp. v. Lafayette Towers, Inc., 550 F.2d 710, 713 (2d Cir. 1977).  Here, the merits of Flowers I were considered and adjudicated at least four times.  Urging a contrary conclusion, Flowers contends that Flowers I was not actually adjudicated on the merits because the District Court overlooked facts in the record.  We are not persuaded.  Disregard of certain facts in the record may mean that the court erred in connection with

4

adjudicating the merits, but it does not mean that the District Court failed to adjudicate the merits of this action.

Second, it is undisputed that both actions involved the same parties. The name "Eversource" is a registered trade name for the Connecticut Light and Power Company. The 2015 action was brought initially under the trade name, but the two defendants named in the 2015 action and the instant action are the same.

Third, Flowers's claims were raised in the prior action. Flowers concedes that "the claims pleaded in [the complaint] were raised in the 2015 action," Appellant's Br. at 24, and it is undisputed that the same transaction was at issue in <u>Flowers I</u> and this case, <u>Flowers II</u>. Both actions were based on the same underlying facts and were properly treated as asserting the same claim, even if they advanced different legal theories. <u>See</u> <u>Cho v. Blackberry Ltd.</u>, 991 F.3d 155, 168 (2d Cir. 2021); <u>Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.</u>, 882 F.3d 52, 56 (2d Cir. 2018) (concluding that a second employment lawsuit was sufficiently related to the first where it was linked to "the same course of unlawful conduct by defendants").

5

Finally, while "[r]es judicata does not preclude a litigant from making a direct attack . . . upon the judgment before the court which rendered it," Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 661 (2d Cir. 1997) (quotation marks omitted), Flowers's putative motion under Rule 60 of the Federal Rules of Civil Procedure was treated as a complaint in a new action because Flowers I was closed after Flowers's previous Rule 60 motion was denied. Regardless, Flowers has not presented evidence to support a Rule 60 motion. While Flowers argues that her claims were not truly adjudicated because of the "manifest injustice" of the prior proceeding, her evidence of "manifest injustice" is only that the district court in Flowers I failed to consider facts in the record. We reviewed the record in Flowers I and affirmed the grant of summary judgment. Flowers v. Conn. Light & Power Co., 774 F. App'x 33, 36–37 (2d Cir. 2019). Flowers also argues that we improperly deferred to the District Court's decision when we affirmed its grant of summary judgment. But Flowers does not point to any new evidence to support this argument on appeal. As the District Court found, there was no "grave miscarriage of justice sufficient to warrant departure from the doctrine of res judicata." Flowers v. Conn. Light

6

& Power Co., No. 20-cv-1016, 2021 WL 880043, at *5 (D. Conn. Mar. 9, 2021) (quotation marks omitted) (citing United States v. Beggerly, 524 U.S. 38, 47 (1998)).

**II.     Leave to Amend**

"A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."   Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (quotation marks omitted).   But "it is proper to deny leave to [amend] where there is no merit in the proposed amendments or amendment would be futile."   Hunt v. All. N. Am. Gov't Income Tr., Inc., 159 F.3d 723, 728 (2d Cir. 1998).   Leave to amend may be deemed futile where the "proposed amendments would fail to cure prior deficiencies or to state a claim."   Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012).

The District Court did not err in denying Flowers's request for leave to amend as futile.   As discussed above, Flowers's claims have been adjudicated and deemed deficient multiple times.   Each time, she has repeated the same facts and made substantially the same arguments.   Her proposed amendments

7

to the complaint would not cure the deficiencies.   To the contrary, the proposed amendments "either state[] improper conclusions of law or present[] argument concerning the Court's treatment of facts already in the record."   Flowers, 2021 WL 880043, at *5; see Supp. App'x 201–04.

We have considered all of Flowers's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court